# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| Charlotte T. WILLIFORD and Kenneth WILLIFORD, ) ) ) ) **Plaintiffs** ) ) v. ) ) Mr. Kenneth L. FUNDERBURK, Esq., ) Mr. Thomas F. WORTHY, Esq., and ) FUNDERBURK, DAY & LANE, P.C., ) **Defendants** ) | Civil Action No.  **3:05cv857-T**  Case Below: BK-03-81486-WRS AP-04-08015-WRS |

On Appeal from the award of Final Summary Judgment
by the United States Bankruptcy Court
for the Middle District of Alabama
Bankruptcy Judge William R. Sawyer Presiding

# PLAINTIFFS'S / WILLIFORDS' PRINCIPAL BRIEF

Submitted: October 11, 2005

William R. Murray
Attorney for Appellants,
Ms. Charlotte Williford and
Mr. Kenneth Williford

William R. Murray
Attorney at Law
Murray Lane
Northport, AL 35475
(205) 339-7080
ID: ASB-1931-A64W

i

## CERTIFICATE OF INTERESTED PERSONS

To the best present information and belief of the attorney for Plaintiffs/ Appellants/WILLIFORDS, the following persons and organizations comprise all of the entities which have any interest in this Appeal, other than the 12-or-so creditors of the Willifords' estate, who are not parties hereto.

Mr. James L. Day, Esq., Memory & Day, attorney for the Willifords in underlying Chapter 12 case number BK- 03-81486-WRS

Mr. Kenneth L. Funderburk, Esq., Defendant in AP-04-08015

Funderburk, Day & Lane (law firm), Defendant in AP-04-08015

Mr. Robert P. MacKenzie, Esq., Starnes & Achison LLP, attorney with Mr. Vance for all Defendants in AP-04-08015

Mr. Von G. Memory, Esq., Memory & Day, attorney for the Willifords in underlying Chapter 12 case number BK- 03-81486-WRS

Mr. William R. Murray, Esq., Attorney for Ms. Charlotte Williford and Mr. Kenneth Williford, Plaintiffs/Appellants, in AP-04-08015

Mr. Leonard Nath, Esq., Montgomery attorney associated with Mr. Vance

Hon. Wiliam R. Sawyer, Judge, U.S. Bankruptcy Court, M.D. Ala., presiding in both BK-03-81486-WRS and in AP-04-08015-WRS

Mr. Aldos L. Vance, Esq., Starnes & Atchison LLP, attorneys for all Defendants in AP-04-08015

Mr. Kenneth Williford, Debtor in BK-03-81486-WRS and Plaintiff/ Appellant in AP-04-08015-WRS

Ms. Charlotte Williford, Debtor in BK-03-81486-WRS and Plaintiff/ Appellant in AP-04-08015-WRS

Mr. Thomas F. Worthy, Esq., Defendant in AP-04-08015

ii

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiffs/Appellants (the Willifords) request oral argument because of the importance of the interplay between the procedural concepts of F.R.Civ.P. Rule 56 and the substantive concepts of the Alabama Legal Services Liability Act.

## Certificate of Type Size, Style, and Format

This Brief is presented in the following type format:

Type size:    14 point (except headings and footnotes))
Type style:   Times New Roman (True Type)
Word Processing Software: WordPerfect® 12

---

## Alphabetical List of Abbreviations  & Acronyms
## Sometimes Used in This Brief (except in quotations)

| | | |
|---|---|---|
| **ALSLA** | = | **Alabama Legal Services Liability Act, Ala. Code 1975 §§ 6-5-170 et seq.** |
| **DB-XX** | = | **Defendants' SJ Brief - Sentence number (Ex. XX)** |
| **EJML** | = | **Entitled to Judgment as a Matter of Law** |
| **GIMF** | = | **Genuine Issue(s) of Material Fact(s)** |
| **MD-XX** | = | **Court's Memorandum Decision (Ex. 13)** |
| **MSJ** | = | **Motion for Summary Judgment** |
| **SJ** | = | **Summary Judgment** |

iii

## Table of Contents

**Page**

Cover ................................................................................... i

Certificate of Interested Persons ................................................ ii

Statement Regarding Oral Argument ........................................ iii

Certificate of Type Size, Style and Format ............................... iii

Alphabetical List of Abbreviations  & Acronyms
    Sometimes Used in This Brief (except quotations) ........................... iii

Table of Contents ........................................................................ v

List of Exhibits (#1 through #19) ................................................ vi

Table of Citations ...................................................................... vii

Statement of Jurisdiction ............................................................ 1

Statement of Issues .................................................................... 2

Statement of the Case:
    A.  Nature of the Case ........................................................... 3
    B.  Course of Proceedings below ........................................... 3
    C.  Statement of Standard of Review ...................................... 5

## Arguments

Argument #1 ............................................................................... 6

The Bankruptcy Court erred by ignoring Rule 56's primary and
essential requirement, which is that any Summary Judgment pro-
cedure demands that the movant(s) (Defendants) initially make a
*prima facie* showing that "No Genuine Issue of Material Fact"
exists as to each of the claims asserted by the nonmovants/Plaintiffs
(Willifords) or, as a second ground initiated by *Celotex* and its pro-

iv

geny (*See* page 9 and note 6, <u>infra</u>), that nonmovants/Willifords failed
to present substantial evidence of at least one of the elements of each
of their claims.

**Argument #2** ................................................................... **17**

The Willifords concede that they are required to present evidence of
all four elements required in an ALSLA claim. However, the Bank-
ruptcy Court erred by failing to view the record in a light  most favor-
able to the Willifords, and by failing to make all reasonable interpre-
tations of the evidence in their favor so as to determine that the Willi-
fords presented substantial evidence of all four elements of their claims,
including the requirement that they provide "expert" testimony in this
ALSLA litigation.

**Argument #3** ................................................................... **26**
        The Bankruptcy Court erred in striking Plaintiff/nonmovant
                    Kenneth Williford's  Affidavit

**Argument #4** ................................................................... **30**
        The Bankruptcy Court erred in striking Plaintiff/nonmvant
                    Charlotte Williford's  Affidavit

**Argument #5**................................................................... **31**
        The Bankruptcy Court erred in striking attorney Murray's
                    Affidavit as being procedurally defective.

**Argument #6** ................................................................... **33**
        The Bankruptcy Court erred in striking  attorney Murray's
                    Affidavit as  being  substantively defective.

**Conclusion, Stating Relief Sought**................................................. **43**

**Certificate of Service** ....................................................... **44**

# Exhibits (in separate binder, bound at top)

#1      Scheduling Order of April 21, 2005 (Doc. 48)

#2      Defendants' Motion for Summary Judgment ("DM") (Doc. 63)

#3      Defendants' Brief in Support of Summary judgment ("DB") (Doc. 64)

#4      Affidavit of movant Funderburk (part of Doc. 64)

#5      Affidavit of movant  Worthy (part of Doc. 64)

#6      Williford's Oppositon to Defendants' MSJ (Doc. 70)

#7      Affidavit of nonmovant Mr. Williford (part of Doc. 70)

#8      Affidavit of nonmovant Ms. Williford (part of Doc. 70)

#9      Affidavit of Willifords' attorney Murray (part of Doc. 70)

#10     Defendants' Motion to Strike affidavits (Doc. 71)

#11     Defendants' Reply to Willifords' Opposition (Doc. 72)

#12     Willifords' Rebuttal to Motion to Strike (Doc. 73)

#13     Memorandum Decision and Order of  ("MD") (Docs. 75, 76)

#14     Rule 3.7 ("Lawyer as Witness") of Alabama Rules of  Professional Conduct, with comments

#15     Alabama Sate Bar Ethics Opinion 1991-19 (interpreting Rule 3.7)

#16     June 23, 2005 letter from ASB advising attorney MURRAY that Rule 3.7 permits pretrial affidavit by client's attorney, but not trial testimony

#17     Willifords' "Second Amended Complaint" (Doc. 16)

#18     Defendants' Answer (Doc. 22)

19      Docket Sheets

# Table of Citations
<u>Note</u>:  Arranged alphabetically pursuant to Rule 8010(a)(1)(A)

## Cases

Adair v. Johnston,
 221 F.R.D. 573 (M.D. Ala. 2004) ....................................  8, 12

Alexander v. Chattahooche Valley Cmty. Coll.,
 325 F. Supp. 2d 1274 (M.D. Ala. 2004) .........................  9, 10, 12

Anderson v. Liberty Lobby,
 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202  (1986) ..............  9, 37

Ashe v. Aronov Homes, Inc.,
 354 F. Supp. 2d 1251 (M.D. Ala. 2004) ...............................  10, 13, 38n17

Baker v. Metropolitan Life Ins. Co.,
 907 So. 2d 419 (Ala. 2005) ...................................................  15n7

Barron v. Federal Res. Bank of Atlanta,
 129 Fed. Appx. 512 (11th Cir. 2005) ..................................  5,10

Birks v. Jack Ingram Motors, Inc.,
 346 F. Supp. 2d 1216 (M.D. Ala. 2004) .........................  10, 12, 13

Bodana v. Howie,
 638 So. 2d 749 (Case 1) (Ala. 1994) ..................................  18

Bonner v. Home Depot,
 323 F. Supp. 2d 1250 (S.D. Ala. 2004) ...............................  10, 12

Borden v. Clement,
 261 B.R. 275 (N.D. Ala. 2001) ...........................................  18

Bradford v. Rent-A-Center East,
 346 F. Supp. 2d 1203 (M.D. Ala. 2004) ............................  10, 13

**Brewer v. Dupree,**
    356 F. Supp. 2d 1261 (M.D. Ala. 2004) ........................................... **10, 12**

**Calhoun v. Thomas,**
    360 F. Supp. 2d 1264 (M.D. Ala. 2005) ........................................... **10, 12**

**Cannon v. Dynacorp,**
    378 F. Supp. 2d 1332 (M.D. Ala. 2005) ........................................... **5**

**Celotex v. Catrett,**
    477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 261 (1986) ............. **6, 9, 37, 38**

**Cunningham v. Langston, Frazer, Swet & Freese, P.A.,**
    727 So. 2d 800 (Ala. 1999) .................................................. **17**

**Erie RR v. Tompkins,**
    304 U.S. 64, 58 S. Ct. 817, ____ L. Ed. ____ (1937) ....................... **8n5, 11**

**Fitzpatrick v. City of Atlanta,**
    2 F.3d 1112 (11th Cir. 1993) .................................................. **9**

**Flood v. YWCA,**
    398 F. Supp. 2d 1261 (11th Cir. 2005) .................................................. **5**

**Ford v. Jefferson County,**
    904 So. 2d 300 (Ala. Civ. App. 2004) .............................................. **12n7**

**In re Gentry Steel & Fab., Inc.,**
    325 B.R. 371 (Bkrcy, M.D. Ala. 2005) .................................................. **1**

**Glass v. Birmingham So. RR,**
    905 So. 2d 789 (Ala. 2004) .................................................. **12n7**

**Gougler v. Sirius Products, Inc.,**
    370 F. Supp. 2d 1185 (S.D. Ala. 2005) .............................................. **11**

*Green v. Ingram,*
      794 So. 2d 1070 (Ala. 2001) ................................................................ 18

*Hales v. City of Montgomery,*
      347 F. Supp. 2d 1167 (M.D. Ala. 2004) ............................................. 11, 12

*Hall v. Thomas,*
      465 So. 2d 67 (Ala. 1984) ................................................................. 20, 22

*Harris v. City of Montgomery,*
      322 F. Supp. 2d 1319 (M.D. Ala. 2004) ............................................. 11

*Harris v. Coweta County, Georgia,*
      406 F.3d 1307 (11th Cir. 2005) ........................................................... 5, 10

*Herring v. Parkman,*
      631 So. 2d 996 (Ala. 1994) ................................................................. 18

*Horne v. Russell County Comm'n,*
      379 F. Supp. 2d 1305 (M.D. Ala. 2005) ............................................. 38n17

*Hulsey v. Pride Rest., LLC,*
      367 F.3d 1238 (11th Cir. 2004) ........................................................... 10, 12

*J.I.T. Serv., Inc. V. TEMIC Telefunken-RF, LLC,*
      903 So. 2d 852 (Ala. Civ. App. 2004) ................................................. 12n7

*Jackson v. Mid-America Apart. Cmtys.,*
      325 F. Supp. 2d 1297 (M.D. Ala. 2004) ............................................. 10, 11, 13

*K.M. v. Alabama DYS,*
      60 F. Supp. 2d 1253 (M.D. Ala. 2005) ............................................... 11

*King v. Cape,*
      907 So. 2d 1066 (Ala. Civ. App. 2005) ............................................... 5, 15n8

*Konikov v. Orange County, Florida,*
      410 F.3d 1317 (11th Cir. 2005) ........................................................... 5, 10

Looney v. Hyundai Motor Mfg. Ala., LLC,
    358 F. Supp. 2d 1102 (M.D. Ala. 2005) ................................. 11, 13, 38n17

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
    475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) ................. 9, 37

McDowell v. Brown,
    392 F.3d 1283 (11th Cir. 2004) ........................................... 5

McDowell v. Burford,
    646 So. 2d 1327 (Ala. 1994) ............................................... 18

Molinari v. Tuskegee Univ.,
    339 F. Supp. 2d 1293 (M.D. Ala. 2004) ............................. 11, 12

Morrison v. Franklin,
    655 So. 2d 964 (Ala. 1995) ............................................. 20, 21

Mutual Serv. Cas. Ins. Co. v. Henderson,
    368 F.3d 1309 (11th Cir. 2004) ................................. 5, 10, 12

Mylar v. Wilkinson,
    435 So. 2d 1237 (Ala. 1986) ........................................ 20, 21, 22

Peoples v. Nassaney,
    638 So. 2d 879 (Ala. 1994) ............................................... 18

Perryman Group, Inc. V. AmSouth Bank,
    903 So. 2d 128 (Ala. Civ. App. 2004) ................................ 12n7

Phillips v. Alonzo,
    435 So. 2d 1266 (Ala. 1983) ............................................. 18

Pickard v. Turner,
    592 So. 2d 1016 (Ala. 1992) ............................................. 18

x

Posada v. James Cello, Inc.,
    135 Fed. Appx. 250 (11th Cir. 2005) ................................... 5, 10, 12

Rayborn v. Auburn Univ.,
    350 F. Supp. 2d 954 (M.D. Ala. 2004) ................................... 11, 12

Rice v. Hartman, Fawal & Spina,
    582 So. 2d 464 (Ala. 1991) .................................................... 18

Rink v. Cheminova, Inc.,
    400 F.3d 1286 (11th Cir. 2005) ............................................. 5

Roberts v. Rayonier, Inc.,
    135 Fed. Appx. 351 (11th Cir. 2005) ..................................... 10

Rose v. GMC,
    323 F. Supp. 2d 1244 (N.D. Ala. 2004) ................................. 11

Sanders v. City of Montgomery,
    319 F. Supp. 2d 1296 (M.D. Ala. 2004) .................... 11, 13, 38n17

Sanders v. Lull Int'l, Inc.,
    411 F.3d 1266 (11th Cir. 2005) ......................................... 5, 10, 12

Sessions v. Espy,
    854 So. 2d 515 (Ala. 2002) .................................................... 17

Thurmond v. City of Huntsville,
    904 So. 2d 314 (Ala. Civ. App. 2004) ................................... 12n7

Tidwell v. Waldrop,
    554 So 2d1009 (Ala. 1989) .................................................... 18

In re Toledo,
    170 F.3d 1340 (1th Cir. 1999) ............................................... 1

**Tonsmeire v. AmSouth Bank,**
659 So. 2d 601 (Ala. 1995) ..................................................................... 18

**Townsend v. General motors Corp.,**
642 So. 2d 411 (Ala. 1994) .................................................................. 21

**Turner v. Westhampton Court, LLC,**
903 So. 2d 82 (Ala. 2004) ........................................................... 5, 12n7

**Twilley v. Burlington N. & Santa Fe Ry., Inc.**
351 F. Supp. 2d 1299 (N.D. Ala. 2004) ................................. 11, 12, 39n18

**Valentine v. Watters,**
896 So. 2d 385 (Ala. 2004) ............................................................ 5, 15n8

**Vessels v. Atlanta Indep. School Sys.,**
408 F.3d 763 (11th Cir. 2005) ...................................................... 10, 12

**Wadsworth v. Jewell,**
902 So. 2d 664 (Ala. 2004) ............................................................. 12n7

**Walton v. Montgomery County Bd. of Educ.,**
371 F. Supp. 2d 1318 (M.D. Ala. 2005) ................................. 11, 13, 38n17

**West v. Founder's Life Ins. Co. Of Fla.,**
547 So. 2d 870 (Ala. 1989) ...................................................... 15

**Whatley v. Cardinal Pes Control,**
388 So. 2d 529 (Ala. 1980) ................................................ 21, 22

**Wiggins v. Mallard,**
905 So. 2d 776 (Ala. 2004) ............................................... 12n7

**Willingham Sports, Inc. V. BATFE,**
348 F. Supp. 2d 1299 (S.D. Ala. 2004) ............................... 11

## U. S. Statutes:

28 U.S.C. § 157(b) ............................................................. 1, 26

28 U.S.C. § 158(a)(1) ......................................................... 1


## Alabama Statutes:

Alabama Legal Services Liability Act,
    Ala. Code 1975 §§ 6-5-580 et seq. .................................. 3, 7, 12, 17, 18


## Federal Rules of Bankruptcy

Rule 7056 .......................................................................... 20

Rule 8010(a)(1)(A) ........................................................... vii


## Federal Rules of Civil Procedure:

Rule 56 ......................................................................... *passim*

Rule 56(c) ................................................................ 6, 7, *passim*

Rule 56(e) ................................................................. 6, 12n7


## Alabama Rules of Civil Procedure:

Rule 56 ............................................................................ 6

Rule 56(c) (quoted at 6-7) ......................................... 6-7, *passim*

Rule 56(e) .............................................................. 6, 12n7

**Articles and Texts:**

M. Redish, <u>Summary Judgment and the Vanishing Trial:</u>
<u>Implications of the Litigatin Matrix,</u>
57 Stan. L. Rev. 1329 (April 2005) .................................................................    37

**Other:**

Rule 3.7 ("Lawyer as Witness") of <u>Alabama Rules of</u>
   <u>Professional Conduct</u> ...................................................................... (Ex. #14), 32

Alabama Sate Bar Ethics Opinion 1991-19 interpreting Rule 3.7........  (Ex. #15)

Letter dated June XX, 2005 from Alabama State Bar
   advising attorney MURRAY that Rule 3.7 permits
   pretrial affidavit on behalf of clients .................................................... (Ex. #16)

# Statement of Jurisdiction

The Willifords have some question whether This Court may have jurisdiction over this Appeal from a final judgment of the U.S. Bankruptcy Court, M.D. Ala., awarding Summary Judgment to all three (3) Defendants, pursuant to 28 U.S.C. §158(a)(1).

Their question rests upon the issue of whether the Bankruptcy Court itself ever had jurisdiction to enter its July 21, 2001 Memorandum Decision (Doc. 75) (Ex. #13) . According to 28 U.S.C. § 157(b), Bankruptcy Judges may hear and determine all cases under Title 11 and all *core* proceedings "arising under ...."  Since this Adversary Proceeding has been adjudged to be a "non-core" proceeding, perhaps the Bankruptcy Court should  have issued a "Report & Recommendation" and sent its R&R to This Court for final resolution.  However, This Court is presumed to inquire, as an elemental question of law, whether the Bankruptcy Court had jurisdiction to enter a final Summary Judgment. *See, e.g.,* In re toledo, 170 F.3d 1340 (11th Cir. 1999), and In re Gentry Steel Fab., Inc., 325 B.R. 311 (Bankr.  M.D. Ala. 2005). (Note1)

---

Note 1  Both parties briefed the "core-noncore" issue.  Defendants argued (Doc. 29) that the Willifords' ALSLA action was "non-core" while the Willifords argued (Doc. 33)  that it is "core."

1

## Statement of the Issues

Basically, there is only one issue in this appeal: Did the Bankruptcy Court err

to reversal by entering SJ in favor of the movant attorneys?

However, that issue involves several "imbedded" arguments which the

appellants/nonmovants/Willifords submit to This Court, including:

a.  The movants failed to make a prima facie showing that there are no

GIMFs with regard to each of the claims asserted by the Willifords;

b.  The movants/Defendants failed to present substantial evidence that

the evidence demonstrated the absence of an essential element of each

of the Willifords' claims;

c.  The Bankruptcy Court erred by failing to resolve all reasonable factual

questions in favor of the Willifords;

d.  The Bankruptcy Court erred by striking the factual affidavits of the

nonmovants/Willifords;

e.  The Bankruptcy Court err by striking the "expert" affidavit of the

Willifords' attorney, Mr. Murray, on substantive grounds; and

f.  The Bankruptcy Court err by striking the "expert" affidavit of the

Willifords' attorney, Mr. Murray, on procedural grounds.

2

# Statement of the Case

## A. Nature of the Case:

**A-1.**  This is an appeal from the Bankruptcy Court's award of final SJ entered in favor of all Defendants/llegal service providers against Plaintiff/Appellant  WILLIFORDS' claims in their "Second Amended Complaint" (Doc. 16) (Ex. #17)  brought pursuant to the <u>Alabama Legal Services Liability Act</u> (ALSLA), Ala. Code 1976, § 6-5-570 et seq.

## B. Course of Proceedings below: (only major developments listed)

**B-1.**  Within their Bankruptcy Case No. BK-03-81486-11-WRS, theWillifords filed this Adversary Proceeding on September 9, 2004 (AP-04-08015-WRS) , under the ALSLA, for various alleged acts and omissions of two attorneys, and their law firm, who had previously represented them, in a "wrongful eviction and breach of contract" case, styled <u>Emerton et al;. v. Williford et al.,</u> CV-00-073, in Chambers County, Alabama.

**B-2.**   On <u>April 22, 2005</u>, the Bankruptcy Court issued its "Pretrial Order" (Doc. 48) (Exhibit #1).

**B-3.**  On <u>June 7, 2005</u>, the Defendants filed their joint "Motion for Summary Judgment" ("DM") (Doc. 63)  (Exhibit #2) and accompanying "Brief in

3

Support of Motion for Summary Judgment" (Doc. 64) (Exhibit #3) with the affidavits of movant Funderburk (Exhibit #4) and Mr. Worthy (Exhibit #5).

B-4.   On July 5, 2005, the Willifords filed their joint "Opposition to Defendants' Joint Motion for Summary Judgment" (Doc.70) (Exhibit #6), attaching thereto the separate affidavits of Mr. Kenneth Williford (Exhibit #7) and of Ms. Charlotte Williford (Exhibit #8), and the "expert" affidavit of their attorney, Mr. Murray (Exhibit #9).

B-5.  On July 8, 2005, the Defendants/movants filed their "Motion to Strike Affidavits Submitted in Opposition to Defendants' Summary Judgment Motion" (Doc. 71) (Ex. #10) and "Brief in Reply to the Willifords' Opposition (Doc. 72) (Ex. #11)

B-7.   On July 12, 2005, the Bankruptcy Court conducted a telephonic hearing on various motions, including the MSJ.  That hearing has been transcribed, at the movants' request and expense, and is included in the Record on Appeal as (Doc. 92).

## C.  Disposition Below:

C-1.   On July 21, 2005, the Bankruptcy Court issued its "Memorandum Decision"("MD") (Doc. 75) (Ex. #12) .  The Willifords timely filed their Notice of Appeal.  The matter was docketed in This Court and apparently assigned Civil Action No. 3:05-cv-00857-MHT.

**4**

## <u>Statement of Standard of Review</u>:

This Court reviews an award of Summary Judgment *de novo*, with no presumption of correctness being assigned to the decision of the Court below. *See, e.g.,* <u>Sanders v. Lull Intern., Inc.</u>, 411 F. 3d 1266, 1269 (11th Cir. 2005) ; <u>Konikov v. Orange County, Fla.</u>, 410 F.3d 1317, 1321 (11th Cir. 2005). *Similarly*, <u>Harris v. Coweta County, Ga.</u>, 406 F.3d 1307, 1312 (11th Cir. 2005); <u>Rink v. Cheminova, Inc.</u>, 400 F.3d 1286, 1295 (11th Cir. 2005); <u>Flood v. YWCA</u>, 398 F.3d 1261, 1264 (11th Cir. 2005); <u>Posada v. James Cello, Inc.</u>, 135 Fed. Appx. 250, 251 (11th Cir. 2005) <u>Barron v. Fed. Res.Bank of Atlanta</u>, 129 Fed. Appx. 512, 515 (11th Cir. 2005); <u>McDowell v. Brown</u>, 392 F.3d 1283, 1288-89 (11th Cir. 2004); <u>Mutual Service Cass. Ins. Co. v. Henderson</u>, 368 F.3d 1309, 1314 (11th Cir. 2004); Cannon v. Dynmcorp., 378 F. Supp. 2d 1332, 1339 (M.D. Ala. 2005). For a similar statement at the State level, *see* <u>Turner v. Westhampton Court, LLC</u>, 903 So. 2d 82, 87 (Ala. 2004); <u>Valentine v. Watters</u>, 896 So. 2d 385, 389 (Ala. 2004); and <u>King v. Cape</u>, 907 So. 2d 1066, 1068 (Ala. Civ. App. 2005).

# ARGUMENTS (Note 2)

## Argument #1:

> The Bankruptcy Court erred by ignoring Rule 56's primary and essential requirement, which is that any Summary Judgment procedure demands that the movant(s) (Defendants) initially make a *prima facie* showing that "No Genuine Issue of Material Fact" exists as to each of the claims asserted by the nonmovants/Plaintiffs (Willifords) or, as a second ground initiated by *Celotex* (See pg. 9n6 *infra*) and its progeny, that nonmovants/Willifords failed to present substantial evidence of at least one of the elements of each of their claims.

**1-1.**  Summary Judgment is governed, in both Federal and State courts, by

Fed. R. Civ. P. 56 and Ala. R. Civ. P.  Rule 56, respectively. (Note 3)

**1-2.**  Because Fed. R. Civ. P. Rule 56(c) is so central to this litigation, it is

quoted below.  Its Alabama counterpart  is contained in Note 4, *infra*.

**1-3.**  <u>Federal Rule 56(c) reads:</u>

"(c)  <u>Motion and Proceedings Thereon</u>.  The motion shall be served  at least 10 days before the time fixed for the hearing.  The adverse party prior to

---

<u>Note 2.</u>     No area of civil procedure has received as much attention as that of "Summary Judgment."  Well over 2,000 opinions have been issued by Alabama appellate courts and by the various federal courts with regard to Alabama-based litigation, since Alabama adopted its "new" Rules of Civil Procedure in 1975.  Because of the sheer volume of perti-nent opinions, the Willifords elect to restrict their arguments to just a few of the opinions published in 2004 and 2005, with exceptions only for those opinions, such as those cited by the movants and by the Bankruptcy Court, whose pertinence authorizes inclusion.

<u>Note 3.</u>  The Alabama and Federal rules have at least one major difference: Alabama Rule 56(c)(1) requires the movant to provide a "narrative summary of what the movant con-tends to be the undisputed material facts," while the Federal counterpart does not.  In the instant case, the Defendant/movants submitted "Undisputed Facts" part of their Brief, so the distinction between Rules is not important.                                                                **6**

the day of hearing may serve opposing affidavits.  The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.  A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although  there is a genuine issue as to the amount of damages."

1-4.  The Willifords  recognize that, though this litigation is concerned with

the ALSLA, the <u>Erie</u> doctrine  provides for the application of the Federal

---

Note 4. The Willifords submit that the underlying Adversary Proceeding is based solely upon the Alabama Legal Services Liability Act, Ala. Code 1975 §§ 6-5-570-581 (hereafter "ALSLA").  They therefore list some Alabama precedents, which are similar to Federal precedents. Further, Summary Judgment (hereafter simply "SJ") is so inextricably inter-twined with the facts and Alabama law that reference to the opinions of both jurisdictions is, hopefully, appropriate. The Alabama version of Rule 56(c) more expansively reads:

  "(c)  Motion and Proceedings Thereon.

  (1) *Form of Motion And Statement in Opposition Thereto*. The motion shall be supported by a narrative summary of what the movant contends to be the undisputed material facts; that narrative summary may be set forth in the motion or may be attached as an exhibit.  The narrative summary shall be supported by specific references to pleadings, portions of discovery materials, or affidavits and may include citations to legal author-ity.  Any supporting documents that are not on file shall be attached as exhibits. If the opposing party contends that material facts are in dispute, that party shall file and serve a statement in opposition supported in the same manner as is provided herein for a summary of undisputed material facts.

  " (2) *Time*.  The motion for summary judgment, with all supporting  materials, including any briefs, shall be served at least ten (10) days before the time fixed for the hearing, except that a court may conduct a hearing on less than ten (10) days' notice with the consent of the parties concerned.  Subject to subparagraph (f) of this rule, any state-ment or affidavit in opposition shall be served at least two (2) days  prior to the hearing.

  "(3) *Judgment*.   The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affi-davits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a  judgment as a matter of law.  A summary judgment, interlocutory in  character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

7

version of Rule 56 insofar as procedure is concerned, while the law of

Alabama controls substantive matters. (Note 5)

1-5.    There should certainly be no argument that the "bedrock" of any

Summary Judgment procedure is that the movant bears two sequential

burdens. The movant must show:

   <u>First</u>, that there exists "No Genuine Issue as to Any Material Fact"

   (GIMF) as to each claim against which the movant is requesting

   Summary Judgment (SJ);

   and then, <u>after</u> demonstrating that no GIMF exists,

   <u>Second</u>, showing that the movant is "entitled to a judgment as a

   matter of law" (EJML) regarding that claim.

1-6.    The movant's initial burden has been stated many times, by both State

and Federal Courts. The usual wording consists of some version of Rule 56(c)

such as the following statement, as contained in <u>Adair v. Johnston</u>, 221

F.R.D. 573, 578 (M.D. Ala. 2004):

   "Summary judgment is appropriate 'if the pleadings, depositions,
      answers to interrogatories, and admissions on file, together with the

---

Note 5.  <u>Erie RR v. Tompkins</u>, 304 U.S. 64 (1937), the seminal opinion which calls for the
application of federal procedural rules (here, F.R. Civ. P. Rule 56) in federal court, while at
the same time applying the State substantive law (ALSLA) to the facts, as in this Adversary
Proceeding AP-04-08015-WRS.

affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.' Fed.R. Civ.P. 56(c). Under rule 56, the party seeking summary judgment must first inform the court of the basis for the motion, and the burden then shifts to the non-moving party to demonstrate why summary judgment would not be proper. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *see also Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-17 (11th Cir. 1993) (discussing burden-shifting under Rule 56). The non-moving party must affirmatively set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials in the pleadings. Fed.R.Civ.P. 56(e).

"The court's role at the summary-judgment stage is not to weigh the evidence or to determine the truth of the matter, but rather to determine only whether a genuine issue exists for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). In doing so, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Matsushita Elec. Indus. Co. V. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986)." (Spacing of citations not as in original)  (Note 6)

---

Note 6.   An entire treatise could well be generated on the massive change in Federal summary judgment procedures effected by the famous triumvirate of 1986 U.S. Supreme Court decisions in <u>Matsushita,</u> <u>Anderson</u>, and <u>Celotex</u>.  They have been extensively cited in all State and Federal Courts in America.  For example, <u>Celotex</u> alone has been cited more than 50,000 times, according to the numbers contained in <u>Shepard's Citations</u>.  Basically stated, those 3 opinions provide the summary judgment movant a second avenue to success. Because of them, the movant went from just "one" avenue to success (i.e., demonstrating no GIMF and that the movant was EJML), to "two" (i.e., showing that there was a "absence of an essential element") separate bases for the motion.  It is interesting to note that Rule 56 makes no mention of the second basis ("absences of an essential element") added by those opinions.  Stated another way, Rule 56 has not been revised to reflect <u>Celotex</u> et al.  It may be of some pertinence that <u>Matsushita</u> was handed down first, on March 26, 1986, followed three months later, on June 25, 1986. by <u>Anderson</u> and <u>Celotex</u> .  Because <u>Celotex</u> was issued last, could that case be an example of "the tail wagging the dog?"

9

1-7.    Recent 11th Circuit opinions agree:  *See, e.g.,*  Barron v. Federal Res.

Bank of Atlanta, 129 Fed. Appx. 512, 515 (11th Cir. 2004);  Jackson v.

Alabama StateTenure Comm'n, 405 F.3d 1276, 1289 (11th Cir. 2005) (by

implication);  Konikov v. Orange County, Florida, 410 F.3d 1317, 1321 (11th

Cir. 2005);  Mutual Service Cas. Ins. Co. v. Henderson, 368 F.3d 1309, 1314

(11th Cir. 2004);  Harris v. Coweta County, Georgia, 406 F.3d 1307, 1312 (11th

Cir. 2005);  Posada v. James Cello, Inc., 135 Fed. Appx. 250, 251 (11th Cir.

2005);  Roberts v. Rayonier, Inc., 135 Fed. Appx. 351, 360 (11th Cir. 2005) (by

implication); Sanders v. Lull Int'l, Inc., 411 F.3d 1266, 1269 (11th Cir. 2005);

Hulsey v. Pride Rest. LLC, 367 F.3d 1238, 1243 (11th Cir. 2004) and Vessels v.

Atlanta Indep. School Sys., 408 F.3d 763, 767 (11th Cir. 2005).

1-8.     Federal District Courts in Alabama also acknowledge that same dual

burden: Alexander v. Chattahoochee Valley Cmty. Coll., 325 F. Supp. 2d

1274, 1277 (M.D. Ala. 2004);  Ashe v. Aronov Homes Inc., 354 F. Supp. 2d

1251, 1257 (M. D. Ala. 2004);  Birks v. Jack Ingram Homes Inc., 346 F. Supp.

2d 1216, 1218 (M.D. Ala. 2004);  Bonner v. The Home Depot, 323 F. Supp. 2d

1250, 1255-56 (S.D. Ala. 2004);  Bradford v. Rent-A-Center East, Inc., 346 F.

Supp. 2d 1203, 1205 (M.D. Ala. 2004); Brewer v. Dupre, 356 F. Supp. 2d 1261,

1263 (M.D. Ala. 2004); Calhoun v. Thomas, 360 F. Supp. 2d 1264, 1267 (M.D.

Ala. 2004); <u>Cougler v. Sirius Products, Inc.</u>, 370 F. Supp. 2d 1185, 1199 (S.D.

Ala. 2005) (footnote 16 and by implication); <u>Hales v. City of Montgomery</u>, 347

F. Supp. 2d 1167, 1170-71 (M.D. Ala. 2004); <u>Harris v. City of Montgomery</u>,

322 F. Supp. 2d 1319 (M.D. Ala. 2004) (by implication);<u>Jackson v. Mid-</u>

<u>America Apt. Cmtys</u>, 325 F. Supp. 2d 1297, 1298 (M.D. Ala. 2004);  <u>K. M. v.</u>

<u>Alabama DYS</u>, 360 F. Supp. 2d 1253 (M.D. Ala. 2005) (by implication);

<u>Looney v. Hyundai Motor Mfg. Ala. LLC</u>, 358 F. Supp. 2d 1102, 1103 (M.D.

Ala. 2005);  <u>Molinari v. Tuskegee Univ.</u>, 39 F. Supp. 2d 1293, 1295-96 (M.D.

Ala. 2004);  <u>Rayborn v. Auburn Univ.</u>, 350 F. Supp. 2d 954, 957 (M.D. Ala.

2004);  <u>Rose v. GMC</u>, 323 F. Supp. 2d 1244, 1249 (N.D. Ala. 2004);  <u>Sanders v.</u>

<u>City of Montgomery</u>, 319 F. Supp. 2d 1296, 1301-01 (M.D. Ala. 2004); <u>Twilley</u>

<u>v. Burlington No. & S.F. RR</u>, 351 F. Supp. 2d 1299, 1303 (N.D. Ala. 2004);

<u>Walton v. Montgomery County Bd. of Educ.</u>, 371 F. Supp. 2d 1318, 1321

(M.D. Ala. 2005); and <u>Willingham Sports v. BATFE</u>, 348 F. Supp. 2d 1299,

1307 (S.D. Ala. 2004).

1-9.    There is no dearth of Alabama appellate opinions.  However, because

the <u>Erie</u> doctrine (note 4, *supra*) calls for the application of Federal prece-

dents in the procedural aspects of Summary Judgment, some recent Alabama

precedents are simply listed for such purposes as This Court may find useful

**11**

or otherwise informative, especially since this litigation is based solely upon a State statute: The Alabama Legal Services Liability Act. (Note 7)

1-10.   The fact that the Court's role at the summary judgment stage is not to weigh the evidence or to determine the truth of the matter, but rather to determine only whether a genuine issue exists for trial, is critical to an understanding of the entire SJ procedure. That aspect is stated in such opinions as Adair v. Johnson, 221 F.R.D. 573, 578 (M.D. Ala. 2004);  Alexander, *supra* at 1277, Birks,  *supra*  at 1218 Bonner, *supra* at 1256,  Brewer, *supra*  at 1263, Calhoun, *supra*  at 1268, Molinari, *supra*  at 1296, Posada, *supra*  at 252, Hales, *supra* at 1170-71,  Hulsey, *supra*  at 1243, Konikov, *supra*  at 1321 Mutual Service, *supra* at 1314,  Rayborn, *supra*  at 957, Sanders v. Lull Int'l , *supra* at 1269, Twilley, *supra*   at 1303,  and Vessels, *supra* at 767.

---

Note 7.  Many Alabama precedents state the "no GIMF"aspect of Ala. R. Civ. P. 56. For example, Glass v. Birmingham So. RR, 905 So. 2d 789, 792 (Ala. 2004):  "We must determine whether the evidence presents a genuine issue of material fact and whether BSRC, the movant, was entitled to a  judgment as a matter of law.  Rule 56(c), Ala. R. Civ. P." For a sampling of Alabama Supreme Court opinions, *see* Turner v. Westhampton Court LLC, 903 So. 2d 82, 87 (Ala. 2004), Wadsworth v. Jewell, 902 So. 2d 664, 667 (Ala. 2004)(quoting Ex Parte Newton, 895 So. 2d 851, 854 (Ala. 2004), and Wiggins v. Mallard, 905 So. 2d 776, 782 (Ala. 2004).  For a sampling of Alabama Court of Civil Appeals opinions, *see* Ford v. Jefferson County, 904 So. 2d 300, 304 (Ala. Civ. App. 2004),  J.I.T.  Serv. Inc. v. Temic Telefunken-RF, LLC, 903 So. 2d 852, 858 (Ala. Civ. App. 2004), Perryman Group Inc. v. AmSouth Bank, 903 So. 2d 128, 133 (Ala. Civ. App. 2004), and Thurmon v. City of Huntsville, 904 So. 2d 314, 319 (Ala. Civ. App. 2004).

12

1-11.  **Primarily because of the 50-page limitation imposed upon this Brief by Bankr. Rule 8010(c), the Willifords are not prepared to submit a discussion of the several other SJ criteria stated in the precedents.  They all are oriented toward the respective duties of the movant and nonmovant.  Basically, the movant's duty has variously been stated as follows:**

> " **The party asking for summary judgment always bears the initial responsibility of informing the District Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.  The movant can met this burden by presenting evidence showing there is no dispute of material fact, or by showing the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.**"

**Ashe, *supra* at 1257, Jackson v. Mid-America, *supra* at 1298, Looney , *supra* at 1103,  Sanders v. City of Montgomery, *supra*  at 1301, Walton, *supra*  at 1321.**

> "**The moving party, in order to prevail, must do one of two things: show that the non-moving party has no evidence demonstrating that the non-moving party has no evidence to support ... [his] case, or present 'affirmative evidence demonstrating that the non-moving party will be unable to prove his case at trial.**"

**Birks, *supra*  at 1218, Bradford, *supra*  at 1205.**

1-12.  **In the instant case, the Bankruptcy Court's "Memorandum Decision," a copy of which is appended hereto as "Exhibit #1, with each of its sentences sequentially numbered from 1 through 56 inclusive, and cited as "MD-XX,"**

13

coupled with a reading of the movants' SJ materials and the Willifords'
Opposition materials, clearly shows that the Court, while acknowledging the
requirements of Rule 56, went on to discount the many GIMFs raised by the
Willifords and failed to recognize that, even if the movants HAD made a *prima
facie* showing of "no GIMF" (which they have not), the Willifords  presented
substantial evidence of each of the requisite elements of each of their claims,
thus demonstrating that the movants are not "entitled to a judgment as a
matter of law."

1-13.  Basically stated, and with regard to each of the claims asserted by the
Willifords, the movant Defendants are required to demonstrate that there
exists no GIMF, and they are then required to demonstrate  that the non-
movants/Willifords have failed to present substantial evidence of at least
one of the elements (duty, violation, causation, and damages) required to
support each of the Willifords' claims.

1-14.  It is absolutely essential that the movants first meet their burdens of
showing "no GIMF" and then "EJML" <u>before</u> the Willifords are burdened
with any requirement of demonstrating that there <u>are</u> GIMFs or that, even if
there were no GIMF's, the movant is <u>not</u> EJML law because the Willifords
have presented substantial evidence of each of the elements of their claims.

14

1- 15.   Even if the Defendants <u>had</u> made a prima facie showing that there exist no GIMFs regarding any of the Willifords' claims (which they have <u>not</u>), they are not "entitled to a judgment as a matter of law."  The Willifords have presented substantial evidence (Note 8)  of each of the essential elements of each of their tort claims: (a) duty; (b) violation; (c) damages;  and (d)  proximate cause, so that, even <u>absent</u> any GIMF, SJ should have been <u>denied</u>.  The Willifords have shown:

a.  <u>Duty</u>: There is absolutely no question but that the Defendants were acting as legal counsel to the Willifords: therefore, Defendants owed a number of duties to them, such as competent legal counsel and assistance, fidelity, honesty, and all the usual emoluments of the attorney-client relationship.

b.  <u>Violation of Duty</u>:   The Willifords has presented substantial evidence in support of this element.  The Affidavits of nonmovants Kenneth Williford and Charlotte Williford, and that of their attorney, William Murray (the undersigned) clearly set forth a range of violations of Defendants' duties.

---

Note 8. Alabama precedent defines "substantial evidence" as: "Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved," often citing <u>West v. Founder's Life Ins. Co. of Fla.</u>, 547 So. 2d 870, 871 (Ala. 1989).  *See, e. g.*, <u>Baker v. Metropolitan Life Ins. Co.</u>, 907 So. 2d 419, 420 (Ala. 2005); <u>Valentine v. Watters</u>, 896 So. 2d 385, 389 (Ala. 2004); and <u>King v. Cape</u>, 907 So. 2d 1066, 1068 (Ala. Civ. App. 2005).

c. <u>Causation</u>.    Again, the Willifords have alleged and argued, and have presented substantial evidence, that the Defendants' various violations of the ALSLA caused their damages.  Of course, that is a critical issue in this litigation, and can only be resolved by the factfinder.  Additionally, this is the major ground upon which the Bankruptcy Court granted summary judgment.  Please see "Arguments #3 through #6, *infra*.

d. <u>Damages</u>:    There is no doubt that the Willifords suffered substantial damages ($383,000) as a result of the <u>Emerton</u>   verdict and its aftermath, including the Williford's bankruptcy (BK-03-81486-WRS), in which this Adversary Proceeding (AP-04-08015-WRS) arose.  The central issue of just <u>how much</u> of those damages were caused by the Defendants is a question of fact which is reserved for the factfinder's determination.

1-16.  In summary of this "Argument #1," the Willifords submit that the Defendants have not made a prima facie showing that there are no "genuine issues of material fact" in this litigation, and even if they did so, the Willifords have presented substantial evidence of each of the essential elements of their various claims.

## Argument #2:

The Willifords concede that they are required to present evidence of
all four elements required in an ALSLA claim.  However, the Bank-
ruptcy Court erred by failing to view the record in a light  most favor-
able to the Willifords, by failing to make all reasonable interpretations
of the facts in their favor so as to determine that the Willifords have
presented substantial evidence of all four elements of their claims, in-
cluding the requirement that they provide "expert" testimony in this
ALSLA litigation.

2-1.    The Willifords submit that the Bankruptcy Court erred in determining

that they had failed to produce substantial evidence of the "causation"

element in this case, which is one of the four elements (duty, violation,

causation, and damages) required in every ALSLA action.

2-2.     In their "Memorandum Brief" ("DB")(Doc. 64) (Ex. 3, 4, & 5) the

Defendants  strenuously argue that the <u>Alabama Legal Services Liability Act</u>,

1975 Code of Alabama §§ 6-5-570 through 581, requires the claimant in any

ALSLA action to produce "expert" testimony, with one narrow exception.

As the defendants state in their brief ("DB") (Doc. 64) (Ex. #3):

[(DB-60) (Ex. #3):   "The ALSLA applies to all actions against a legal
services provider alleging a breach of their duty or standard of care in
providing legal services. See ALA. Code § 6-5-573 (1999); <u>see</u> <u>also</u> <u>Sessions</u>
<u>v. Espy</u>, 854 So. 2d 515, 522 (Ala. 2002); <u>Cunningham v. Langston, Frazer,</u>
<u>Sweet, & Freese, P.A.</u>, 727 So. 2d 800, 803 (Ala. 1993).     [61] An attorney's
duty to a client is prescribed by statute.  ALA. CODE § 6-5-570 <u>et seq</u>.
(1993).  [62] Alabama Code Sections 6-5-572 and 6-5-580, provide that an
attorney must exercise 'reasonable care, skill, and diligence as other

similarly situated legal service providers in the same general line of practice and in the same general locality ordinarily have and exercise in a like case.' ALA. CODE § 6-5-580(1) (1993); ALA. Code  § 6-5-572(3)(a). [63] The Supreme Court of Alabama has consistently interpreted this statute to require that an attorney only provide reasonable care.  Herring v. Parkman, 631 So. 2d 996, 1002 (Ala. 1994).   [64] It is well settled that an attorney does not guarantee the success of his representation, nor is a lawyer 'expected to achieve impossible results for a client.'  Pickard v. Turner, 592 So. 2d 1016, 1020 (Ala. 1992).    [65] In order 'to prove a claim of legal malpractice, a plaintiff must prove that the lawyer breached the applicable standard of care, defined as such reasonable care, skill and diligence as other similarly situated legal service providers in the same general line of practice and in the sdame general area ordinarily have and exercise in like cases.'  Borden v. Clement, 261 B.R. 275, 282 (N.D. Ala. 2001).   [66] Alabama's long-standing rule in legal malpractice cases requires the Willifords to demonstrate through expert testimony that Defendants breached the standard of care.  Green v. Ingram, 794 So. 2d 1070, 1072 (Ala. 2001); _ Tonsmeire v. AmSouth Bank, 659 So. 2d 601, 605 (Ala. 1995); McDowell v. Burford, 646 So. 2d 1327, 1328 (Ala. 1994); Peoples v. Nassaney, 638 So. 2d 879, 880 (Ala. 1994); Bodana v. Brinkley, 614 So. 2d 981 (Ala. 1992); Bodana v. Howie, 638 So. 2d 749 (Ala. 1992); Rice v. Hartman, Fawal & Spina, 582 So. 2d 464, 465 (Ala. 1991); Tidwell v. Waldrop, 554 So.    2d 1009, 1010 (Ala. 1989); Phillips v. Alonzo, 435 So. 2d 1266  [1267] (Ala. 1983);    cert denied 464 U.S. 984, 104 S.Ct. 430 (1983) but see Valentine v. Watters,  204 WL 818681, *8-9 (Ala. April 16, 2004) [now 896  So. 2d 385, 389-90 (Ala. 2004)] (the Alabama Supreme Court created a narrow exception to the requirement of expert testimony where an attorney missed the deadline to file certain documents in a MDL action) [note 9] [67] The Willifords claim of legal malpractice does not fall within the narrowly tailored exception announced  in Valentine, supra."
(Bracketed material added)

---

Note 9.   The Defendants incorrectly narrow the scope of the Valentine exception to the ALSLA "expert testimony" requirement. A study of that opinion leads inescapably to the conclusion that the Alabama Supreme Court fashioned a broad "general understanding of the layman" exception to expert testimony in ALSLA actions.  Valentine clearly portends that Alabama will eventually recognize, in ALSLA actions, the same exceptions as are allowed in medical liability actions.  Page limitations on the present brief prevent further discussion of the fascinating subject of the development of ALSLA law.                 18

2-3.    The Willifords concede, for purposes of this appeal, that they were required to present "expert" testimony to counter the "expert" affidavits offered by Defendants Funderburk (Ex. #4) and Worthy(Ex. #5).

2-4.    However, the Williforss submit that they did on fact submit such "expert" testimony by way of the affidavit of their attorney, Mr. Murray (Ex. 9).

2-5.    The Willifords argue below that the Bankruptcy Court erred in striking down Murray's affidavit (Ex. #9) on either substantive (*see* "Argument #5," *infra*) or procedural (*see* "Argument #6," *infra*) grounds.

2-6.    For purposes of the resent "Argument #2," it should be sufficient to point out that the Defendants' contention, that the Willlifords are required to submit "expert" testimony in this ALSLA action, while correct, is irrelevant here, where such "expert" testimony has been submitted in the form of Murray's Affidavit (Ex. #9).

2-7.    Further, in their "Motion to Strike Affidavits Filed in Opposition to Defendants' Summary Judgment" (Doc. 71) (Ex. #10), the defendants argue that, since Murray was never identified in response to the Court's "Pretrial Order" (Doc. 48) (Ex. #1), he was prohibited from submitting any "expert" affidavit in this summary judgment proceeding.

19

2-8.  Specifically, in arguing against Murray's "expert" affidavit as a pro-
cedural violation of the Court's  "Pretrial Order" (Doc. 48) (Ex. #1), the
Defendants state at ¶¶ 8 and 9 of their motion (Ex. #10):

> "8.  In violation of this Court's Orders [Pretrial Order (Doc. 48)
> (Ex. #1)], the Willifords have produced an affidavit from Mr. Murray
> [the Willifords' attorney] which can only be construed as rendering
> expert testimony as to the standard of care on behalf of his clients.
> Mr. Murray has never been identified as an expert witness.  This
> blatant attempt to circumvent the Court's Orders and to further
> delay this proceeding infringes on Federal Rule of Civil Procedure
> Rule 56(g) as adopted by the Bankruptcy Rules of Civil Procedure
> in Rule 7056.  These rules prohibit the filing of affidavits in bad faith
> which are submitted to only delay the proceedings.  FED. R. CIV. P.
> 56(g); FED. BANK. R. CIV. P. 7056."
> (Bracketed material added for reference)

> "9.  Mr Murray has never been named nor identified as an expert for
> the Willifords and, therefore, his affidavit is due to be stricken from
> the record."

2-9.  And, in arguing that  Murray's "expert" affidavit was  substantively
unacceptable,  the Defendants state, at ¶¶ 10 and 11 of their motion (Ex. #10):

> "10.  ....  Furthermore, Mr. Murray's affidavit fails to satisfy the sub-
> stantive requirement.  While Mr. Murray's affidavit states that he is
> familiar with the standard of care, the affidavit never once sates [sic:
> states] "but for" the defendant attorneys' act or omission, the plaintiff
> would have recovered in the underlying cause of action.'  Morrison v.
> Franklin, 655 So. 2d 964, 966 (Ala. 1995).  Nor does Mr. Murray's affi-
> davit state that 'the outcome of the case would have been different,'
> Hall v. Thomas, 456 So. 2d 67, 68 (Ala. 1984) (referencing Mylar v.
> Wilkinson, 435 So. 2d 1237 (Ala. 1983)) absent the Defendants'
> alleged negligence." (Note 9, *supra*)

20

"11.    Evidence offered in response to a summary judgment must be more than a mere verification of the allegations contained in the pleadings.  See Whatley v. Cardinal Pest Control, 388 So. 2d 259 [sic: 529], 532 (Ala. 1980).  Moreover, an expert witness's testimony cannot be founded on mere speculation and conjecture.  See Townsend v. General Motors Corp., 642 So. 2d 411, 423 (Ala. 1994).  Mr. Murray's affidavit as well as the Willifords' affidavits merely regurgitate the allegations of the pleadings.  These affidavits are insufficient to rebut standard of care testimony presented by Defendants."

2-10.  The Defendants' argument is somewhat flawed.  They cite Morrison as

support for the "but for" level of causation.  However, in Morrison, retired

Justice Jones stated at 966-67:

"We further observe that the plaintiffs' allegations specify in detail each of the defendant's acts and omissions the claim constitute malpractice.  Thus, we restate the question: Does the 'dual burden' test require that the pleading of proximate cause contain the magical phrase 'but for the defendant's malpractice, the plaintiffs would have prevailed in the underlying cause' or words to that effect?  We think not.

"We hold that the allegations of malpractice, coupled with the general allegation of proximate cause, implicitly place upon the plaintiffs the dual burden of proving, subject to appropriate jury instructions, the underlying claim *and* the instant malpractice claim, and are sufficient to state the plaintiffs' malpractice claim.

---

Note 10.  It is relevant to point out that the Defendants' denigration of Murray's professorial experience (12 years) and active solo practitioner experience (30 years or so) is not very well founded.  Their remark, in the last sentence of ¶ 12 of their "Motion to Strike," that "This unfortunately does not qualify Mr. Murray to testify as to the requisite standard of care in the pending action," should rather be applied to the affidavit of Defendant Worthy (who was admitted to practice in 1999, just before he unauthorizedly worked on the Willifords' Emerton defense).  It is interesting to note also that Defendant Funderburk was admitted in 1965, and Murray was admitted in 1974 (after his previous admission in Tennessee in 1968).  It can be presumed that any general-practice-litigation attorney with more than 30 year's experience knows what the standard of care is.

21

> "In so holding, we do not overrule this Court's holding in *Mylar v. Wilkinson*, 435 So.2d1237 (Ala.1983). Rather, we modify *Mylar's* holding by drawing a distinction between the requisite allegations of the and the requisite proof of those allegations, where those allegations are tested in a 'motion to dismiss' context, and where the allegations in the malpractice complaint are sufficient, if proved, to make out a prima facie case of legal malpractice. This distinction accommodates the 'notice pleading' concept, and, at the same time, does not lessen the plaintiffs' dual burden of proving both the underlying claim and the instant malpractice claim.... " (Citations omitted)

2-11.  Granted, that <u>Morrison</u> involved a dismissal rather than a summary judgment, but the basic judicial intention is similar. That is, the level of "proof" required at the pretrial stage is much lower than at the trial stage. Here, the allegations contained in the Willifords' "Second Amended Complaint" (Doc. 16) (Ex. #18), incorporated by reference into the Willifords' affidavits (Ex. #7 & #8) clearly allege causation in each claim.

2-12.  Defendants also cite <u>Hall v. Thomas</u>.  In Hall, there was no damage, so an essential element of the plaintiff's case was missing.  Further, it is pertinent to see that the *per curiam* <u>Hall</u> opinion states at 68:

> "A claim for malpractice requires a showing that in the absence of the alleged negligence the outcome of the case would have been different. *Mylar v. Wilkinson*, 435 So.2d 1237 (Ala.1983)." (Spacing as in original)

and that the opinion does <u>not</u> incorporate any "but for" language.

2-13.   The Defendants' citation to <u>Whatley</u> is somewhat mystifying.  There, unlike the present case, the movant's affidavit was entirely uncontradicted

22

2-14.   This brief elsewhere submits that the Court erred in striking Kenneth Williford's (Argument #3) and Charlotte Williford's (Argument #4)  affidavits, and against the striking of Mr. Murray's "expert" affidavit on substantive (Argument #5) and procedural (Argument #6) grounds, and those arguments are not repeated here.

2-15.   The Willifords submit that the Defendants' implication of impropriety concering the submission of Mr. Murray's affidavit is not well taken.

2-16.   Specifically, in ¶¶ 15 & 16 of their "Motion to Strike" (Doc. 71) (Ex. #10), the Defendants argue:

> "15.   Defendants anticipate that the Willifords' will contend that Mr. Murray is allowed to submit affidavit testimony at the summary judgment stage but not at trial without violating Rule 3.7 of the Alabama Rules of Professional Conduct.  If this Court is inclined to allow Mr. Murray's affidavit to stand, even though he was never identified as an expert witness and th affidavit fails to met th substantive requirements to defeat summary judgment, then the parties will be required to continue with discovery in preparation for trial.  With no regard to the rights of the creditors and debtors' diminishing estate, the Willifords welcome additional expenses to be incurred by the estate during the discovery oprocess.   Taken to its logical conclusion, on the day of trial Mr. Murray will not be able to testify on behalf of the Willifords, the estate will be further diminished, and the outcome will only have been postponed."

> "16.   The Willifords have been given every opportunity to support their allegations.  In a last ditch effort to resuscitate their claims, the Willifords file Mr. Murray's affidavit as further evidence of delay."

23

2-17. The Willifords submit that the Defendants' arguments are just a notch short of being disingenuous, for at least the several reason stated in paragraphs 2-18 through 2-22 immediately below.

2-18. <u>First</u>, the Alabama State Bar has issued both a written general opinion (No. 1991-19) (Ex. #15) stating that Professional Conduct Rule 3.7 (Ex. #14) applies only to trials, and that a party's attorney may testify in pretrial proceedings.

2-19. <u>Second</u>, the Alabama State Bar, in response to Mr. Murray's inquiry, has advised him that he may submit an "expert" affidavit in response to the Defendants' MSJ (for both letters, *see* Ex. #16).

2-20. <u>Third</u>, the Defendants' concern for the Willifords' debtor-in-possession estate is clearly misdirectional, especially in view of the fact that they stated, in response to This Court's question, posited during the telephonic status conference held recently, that they were not interested in either settlement or mediation.

2-21. <u>Fourth</u>, the Defendants, if they are so concerned about the financial status of the Willifords' estate, could easily have filed their motion many months ago, thereby saving lots of money on pleadings concerning matters such as "severance," "core-noncore," and other issues. *See* "Docket Sheet"

24

(Ex. #19). Stated another way, the Defendants have learned almost nothing "new" or "substantive" about this litigation, insofar as a MSJ would be concerned, during the past 6 months, and could have filed their MSJ back in the Spring, thus avoiding considerable expense.

2-22. **Fifth**, as the Defendants well know, Mr. Murray has never asserted at any time that he intended to testify at the trial of this litigation. They know, as he does, that Professional Conduct Rule 3.7 prohibits such testimony with only a few exceptions not pertinent hereto.    In response to the Court's "Pre-trial Order" (Doc. 48) (Ex. #1), Murray  identified four (4) "experts," who are intimately familiar with facets of the underlying <u>Emerton</u> (Note 12) litigation: Defendant attorneys Mr. Funderburk & Mr. Worthy,  Emertons' counsel Mr. Reynolds, and attorney Ms. Harmon, who assisted at trial. (Note 11)

---

<u>Note 11</u>.  One might question the wisdom of naming these attorneys as "expert" witnesses. The primary reason is that they know more about the <u>Emerton</u> case than any other attorneys in Alabama.  Murray may be extremely naive, but he does not think they will perjure themselves. A secondary reason is that Murray could not find any attorney who is willing to act as an "expert" without a multui-thousand-dollar prepayment of anticipated fees and expenses.  Though not pertinent to this appeal, the Willifords' estate could not "come up with the money," so no "outside" expert could be retained.  As a side note, the Willifords' bankruptcy attorneys, and the Willifords themselves, were clearly advised pre-suit that attorney Murray did not have the financial resources to retain outside "experts" on his own.

<u>Note 12</u> .  <u>Emerton et al. v. Williford et al.</u>, CV-00-073 (Circuit Court for Chambers County, Alabama. Verdict against Willifords for $383,000 entered September 16, 2002.

25

2-23.   In summary of this "Argument #2," the Willifords submit that the Bankruptcy Court erred by failing to view the record in a light  most favorable to the Willifords, and by failing to make all reasonable interpretations of the facts in their favor so as to determine that the Willifords have presented substantial evidence of all four elements of their claims, including the requirement that they provide "expert" testimony in this ALSLA litigation. (Note 13)

## Argument #3:

### The Bankruptcy Court erred in striking Plaintiff/nonmovant Kenneth  Williford's Affidavit

3-1.   The Court below dispatched the affidavit of nonmovant Kenneth Williford ("AK") (Ex. #7) with the following language, as quoted from its Memorandum Decision ("MD"): (all bracketed material added for clarity)

>   (MD-3):  "Subsequent to the filing of the Plaintiffs' Opposition [Doc. 70) (Ex. #6)] to the Defendants' Joint Motion for Summary Judgment [(Docs. 63 & 64) (Ex. #2 through #5)]  the Defendants filed a Motion to Strike Affidavits Submitted in Opposition to Defendants' Summary Judgment.

---

Note 13.   There are two additional aspects of this litigation which are interesting: (1)  The Bankruptcy Court will be the "factfinder" if SJ is reversed, and (2) The Bankruptcy Court may not have had jurisdiction under 28 U.S.C.  § 157(b) to enter a final SJ in this "non-core" proceeding; if that is true, then a remand may require the Bankruptcy Court to change its "Memorandum Decision" into a "Report and Recommendation" for submission to This Court for final determination.

26

(Doc. 71, 73)."   [actually, (Doc. 73) (Ex. #12)  is the Plaintiffs' Rebuttal to
Defendants' Motion to Strike Affidavits (Doc. 71) (Ex. #10)]

(MD-7):  "for the reasons stated below the Court finds that both the
Defendants' Motion to Strike Affidavits Submitted in Opposition to
Defendants' Summary Judgment [(Doc. 71) (Ex. #10)] and the Defen-
dants' Motion for Summary Judgment [(Docs. 63 & 64) (Ex. 2 through
#5)] are due to be GRANTED. (Docs. 63, 64, 70, 71 72, 73)."

(MD-35):  "Because the Defendants have filed a summary judgment motion
properly supported with expert testimony, the Willifords were required to
rebut the averments of the Defendants with expert testimony indicating
negligence on the part of the Defendants."

(MD-36):  "As discussed below, the Willifords have filed to meet this
requirement."

(MD-37):  "In response to the Defendants' motion for summary judgment,
the Willifords have submitted an opposition brief, supported by the affi-
davits of: 1) Kenneth Williford [Ex. #7]; 2) Charlotte Williford [Ex. #8];
and 3) William R. Murray [Ex. #9]."

(MD-38):   "As the Willifords are not considered to be experts in this legal
malpractice action, their affidavits are insufficient to rebut the Defen-
dants' assertion t hat the required standard of care was met."

3-2.    It is thus clear that the Bankruptcy Court erroneously struck Kenneth

Williford's affidavit on two grounds:

a.  He is not an expert (as he candidly admits in his affidavit  (Ex. #7)

at ¶ 5), so he is not qualified to provide the "expert" testimony

required in an ALSLA action; and

b.  He could not provide testimony on the issue of "causation."

27

3-3. Both of those grounds were erroneously applied by the Court. <u>First</u>, Kenneth Williford's lack of legal training is not at issue in his affidavit. His affidavit was not submitted to provide "expert" testimony, but to provide evidence of the wide range of negligent acts and omissions of the Defendants. <u>Second</u>, his affidavit was meant to, and did, provide the requisite claim of "causation."

3-4. The Court's language shows that it erroneously evaluated both the purposes and content of his affidavit. In a SJ proceeding, various documents and pleadings are intended for specific purposes. One pleading should not be stricken simply because, when viewed for another purpose, it could be considered deficient. Here, Kenneth Williford's affidavit was intended to demonstrate, and did demonstrate, that the negligent or wanton acts or omissions of the Defendants brought about the <u>Emerton</u> verdict. It was the duty of the Court to evaluate his affidavit on those bases, presuming the truth of his allegations where not specifically rebutted by the Defendants, to draw all reasonable inference from that affidavit on his behalf, and not to make any factual determinations where there existed and opposing statement or any "genuine issue of material fact."

3-5. However, the Bankruptcy Court did not view Kenneth Williford's

28

affidavit under those criteria, thus violating well-established judicial

principles.

3-6.   As Kenneth Williford states in his affidavit at ¶ 7 (Ex. #7):

 "7.   The Defendants are misdirectional in asserting, in paragraph #2
   of their motion [(Docs. 3 &40 Ex. #2 & 3)], that we (myself and
   Charlotte Williford) contend that the adverse <u>Emerton</u> verdict and
   judgment were a result of their breach of the applicable standard of
   care.  We are contending that the <u>Emerton</u>  verdict and judgment were
   just part of the results of the Defendants' various acts and omissions.
    A reading of our "Second Amended Complaint" [(Doc. 16) (Ex. #17)]
    clearly 0presents a wide range of tortuous acts and omissions, and the
   results thereof, so it is deceitful to list just the verdict and judgment
   themselves."
    (Bracketed material added for reference)

3-7.  Surely, a reasonable interpretation of the above-quoted paragraph,

taking all of his statements as true and construing them "in a light most

favorable," shows that nonmovant Kenneth Williford was incorporating his

"Second Amended Complaint (Doc. 16) (Ex. #17) into his affidavit, and that

he was alleging that the Defendants' acts and omissions caused his damages.

3-8.  Therefore, the Bankruptcy Court was in error in striking Kenneth

Williford's affidavit (Ex. #7).

**Argument #4**:

## The Bankruptcy Court erred in striking Plaintiff/nonmovant Charlotte Williford's Affidavit

**4-1.** This argument is similar to "Argument #3," supra, concerning the affidavit of Kenneth Williford, so that pertinent parts of that Argument are incorporated into this "Argument #4" as though fully set forth herein.

**4-2.** As Charlotte Williford's affidavit states at ¶ 6 thereof (Ex. #8):

" ... A careful reading of the "Second Amended Complaint" charges a relatively wide range of torts, each of which demonstrates a failure to provide legal representation expected commensurate with the level of expertise expected in the legal community. The rendition of the jury's verdict in the Emerton case, and the amount of that verdict ($383,000) were just the 'tip of the iceberg,' so to speak, and only one aspect of my allegation of 'legal malpractice' against the Defendants."

**4-3.** The Willifords submit that a reasonable reading of that paragraph, coupled with the "in the light most favorable" requirement, should have led the Bankruptcy Court to rule that, under either Rule 56's original "no GIMF" test, or under Celotex's addition of the "failure to demonstrate an essential element" test, SJ should not have been awarded to the Defendants.

**4-4.** Therefore, it was reversible error for the bankruptcy Court to do so.

30

**Argument #5:**

# The Bankruptcy Court erred in ruling that attorney Murray's Affidavit was procedurally defective.

5-1.  The Bankruptcy Court's dismissal, on procedural grounds,  of the affi-

davit submitted by attorney Murray in support of the Willifords' claims is

contained in its Memorandum Decision ("MD") of July 21, 2005, at MD-3, 5,

7, 39-47, and 65-66 (Ex. #13).

5-2.  The Court's reasoning is stated primarily at MD-44-47:

> "[44] Murray's affidavit cannot be construed as anything other than
> an attempt to render expert testimony as to the Defendants' alleged
> deviation from the requisite standard of care. [45] However, Murray
> was not listed as an expert pursuant to this Court's April 21 Pretrial
> Order. [Doc.  48; Ex. #1] [46] Further, the Court would view any
> attempt to add Murray to the list of identified experts as untimely.
> [47] For these reasons alone Murray's affidavit should be stricken form
> the record." (Note 14)

5-3.   The Willifords contend that the Court's Pretrial Order (Doc. 48; Ex. #1)

is precisely that: a "Pre-<u>Trial</u> Order."  It is a Court-issued document which

controls various aspects of the anticipated <u>trial</u>, such as the identities of all

"expert" witnesses whom the parties might call to testify at <u>trial</u>.

---

Note 14.  In its note #2 at MD-8, the Court stated: In further support of their position that
Murray's affidavit should be stricken, the Defendants cite to Rule 3.7 of the Alabama rules
of Professional Conduct, implying that Murray may have violated this rule by filing his
affidavit. (Doc. 71).  The Willifords contend that Rule 3.7 is not applicable in the pretrial
setting, precluding any possibility of a violation.  (Doc. 73).  The Court need not resolve this
issue at the present time, as it finds that Murray's affidavit is both procedurally and
substantively deficient based upon other grounds.                                      31

5-4.  Worded another way, a "Pretrial Order" is not, and logically cannot be, considered as controlling any procedure not in contemplation when the Order is issued.  Here, the Pretrial Order was issued on April 22, 2005.  Defendants' joint MSJ (Doc. 63; Ex. #2) and supporting Brief (Doc. 64; Ex. #3)was filed on June 7, 2005.  Therefore, the Pretrial Order could not logically control proceedings relating to the Defendants' later MSJ.

5-5.  The Willifords and their attorney, recognizing that Professional Conduct Rule 3.7 (Ex. #14), with about 4 exceptions, prohibits Murray from testifying on their behalf at trial, could not list him as a "expert" witness in response to the Court's Pretrial Order.

5-6.  However, the Pretrial Order did not say that the parties must list any attorney who might be called to testify in any proceeding, such as a SJ proceeding, which any other party might wish to interpose between the time of the Pretrial Order and the anticipated "trial within a trial" set for October 2005.

5-7.  While the Court expressly stated that it was not ruling on the Defendants' assertions that Murray was ethically prohibited to submit an "expert" affidavit in the SJ proceeding, it is important to note that, at the time they made such assertions, ASB Opinion 1991-19 (Ex. #15) had been in existence

32

for more than a decade and was freely available on the ASB's website. That

opinion clearly states that Rule 3.7 does not apply to pretrial proceedings.

5-8.  Further, as Ex. #16 substantiates, Murray had received, in response to

his June 14, 2005  request, an opinion from the ASB Office of the General

Counsel to the effect that he could ethically submit an "expert" affidavit in

this SJ proceeding, but that he could not testify at the actual trial of the case.

Thus, that issue, if considered by this Court, should be resolved in favor of the

Willifords.

5-9.  In summary, the Williford contend that their attorney's "expert" affi-

davit should not have been stricken on procedural grounds.




Argument #6:

### The Bankruptcy Court erred in ruling that attorney
### Murray's Affidavit was substantively defective.

6-1.    The Bankruptcy Court's dismissal, on substantive grounds,  of the

affidavit submitted by attorney Murray in support of the Willifords' claims is

contained in its Memorandum Decision ("MD") (Ex. #13) in sentences MD-2,

3, 6, 7, 35, 36, 37, 39, 44, 49-63, and 67-69.

6-2.   Apparently, the Court's determination is based upon an erroneous belief that Murray's "expert" affidavit is required to contain averments that all four of the elements of the Willifords' claims: duty, violation, proximate cause, and damages.

6-3.  There is no such requirement, either in Rule 56 itself or in any federal or State appellate opinion interpreting or applying Rule 56.  Nowhere is there authority for any argument that an affidavit must contain specific statements, other than the general requirements that an affidavit must be "based upon personal knowledge" and that the affiant must be competent to testify.

6-3.   Thwe on,ly burden upon the movant is to counter the evidence presented by the movant IF AND ONLY IF the movant has first made a *prima facie* showing that there exist no GIMFs regarding each of the claims asserted by the nonmovant.

6-4.  In this case, the Willifords have argued that the movants/Defendants failed to make that *prima facie* showing of "no GIMFs," so that no burden was ever shifted to them to present countervailing evidence.

6-5.  However, even if the movants had made such a showing, the Willifords have presented substantial evidence (See Note 8, *supra*)) that there exist GIMFs with regard to their claims, and thus summary judgment was precluded.

34

6-6. Even if it were to be posited that, regardless of the existence of GIMFs, the Defendants/movants have presented evidence of the absence of an essential element of their claims (causation, for example), and thus the movants were entitled to judgment as a matter of law, the Willifords argue that, taken in their entirety, their "pleadings, affidavits, and other materials on file" demonstrate that they have, under the "viewed most favorably" doctrine, present substantial evidence of each of the four elEments of each of their claims.

6-7.    The Court primarily based its determination to strike Murray's affidavit on the following reasoning: (MD-57-63) (Ex. #13)

[MD-57] "Nowhere in the Murray's affidavit [(Doc. 70) (Ex. #9)]or in the Willifords' Opposition to Defendants' Joint Motion for Summary Judgment [(Doc. 70) (Ex. #6)] is there an assertion that 'but for' the alleged acts or omissions of the attorneys, the outcome of the case would have been different. (Doc. 70).    [MD-58] No attempt has been made at all by the Willifords to show the causal connection between the acts or omissions asserted and the $383,000 judgment rendered in the Emerton suit. [MD-59] The Willifords have not in any way shown that 'but for' the absence of attorney Funderburk, the lack of settlement negotiations, the decision not to file a motion to transfer venue,  the filing of a 'patently and fatally defective' summary judgment motion, the decision not to take the depositions of the Emertons, or the presence of attorney Susan Harmon, the result in the Emerton suit would have been different.    [MD-60] There is no question that proximate cause is an essential, in fact indispensable element in the Willifords' case against the Defendant;  furthermore, the Willifords have the burden of proof as to this element at trial.    [MD-61] The Court concludes that the Willifords have completely failed to offer

35

any evidence as to an essential element of their case - proximate causation.    [MD-62] Without such a showing the litany of the alleged acts and omissions on the part of the Defendants, posited by the Willifords' in their response brief and in the affidavits submitted in support thereof, are necessarily rendered immaterial.    [MD-63] Stated another way, the Willifords have failed to present any evidence on the issue of proximate cause and for that reason; they have not met their burden of demonstrating that there is indeed a genuine issue of material fact....." (footnote 4 omitted)

6-8.    It is critical to note that nowhere in its MD does the Court cite any of the "undisputed issues of material fact" which the Defendants were required to submit in meeting their initial SJ burden, nor does the Court state just where the movants/Defendants ever allege, in their Motion (Doc. 63) or their Brief (Doc. 64), that the Willifords have failed to present any of the four elments of their claims (Note 15), burdens which must be met before any burden shifted to the Willifords to present any evidence of "Duty, Violation, Causation, and Damages."

6-9.    In fact, the Court, after giving "lip service" to that primary burden of the movants/Defendants (see Arguments #1 and #2, *supra*), simply reaches the

_____

Note 15.    It is reiterated that, in every SJ proceeding, the burden starts with the movant, and does not shift to the nonmovant *unless and until* the movant has met that burden.  Thus, with regard to each claim asserted by the nonmovant, the movant must first demonstrate the non-existence of any GIMF, and that the movant is EJML, before any burden shifts to the nonmovant to show that a GIMF exists or that the movant is not entitled EJML.  Similarly, if the nonmovant elects to employ the *Celotex* expansion of SJ proceedings, then the nonmovant must first demonstrate, with regard to each of the nonmovant's claims, the absence of an essential element of that claim before any burden shifts to the nonmovant to present evidence of the existence of that allegedly absent essential element.

36

unwarranted conclusion  that the Defendants had "properly supported" their

joint MSJ, and thus the burden shifted to the Willifords, when in fact they

had not demonstrated the absences of any GIMFs and thus, it had not so

shifted any burden to the Willifords.

6-10.   At MD-49-50, The Bankruptcy Court quoted <u>Celotex</u> as follows:

"Even if the Court were to ignore the procedural infirmities previously
  discussed [please see Willifords' Argument #7, *infra*], Murray's affidavit
  is substantively insufficient to rebut the Defendants' assertions that they
  were not negligent in their representation of the Willifords.  To further
  reiterate and explain this point, the Court finds the case of <u>Celotex Corp.
  v. Catrett</u>, 477 U.S 317,   106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986), to be
  particularly instructive.  In <u>Celotex</u>, the United States Supreme Court
  stated the following:

    [I]n our view, the plain language of <u>Rule 56(c)</u> mandates the entry
    of summary judgment, after adequate time for discovery and upon
    motion, against a party who fails to make a showing sufficient to
    establish the existence of an element essential to a party's case, and
    on which that party will bear the burden of proof at trial.  In such a
    situation, there can be 'no genuine issue of material fact,' since a com-
    plete failure of proof concerning an essential element of the nonmoving
    party's case necessarily renders all other facts immaterial. ...."
(Citation omitted; bracketed material added for clarity)

6-11.  The Willifords concede that <u>Celotex</u> effected a major addition to the SJ

procedure: it added the concept that a SJ movant could prevail, even if there

*are* GIMFs, so long as he or she could demonstrate the absence of an essential

element (duty, violation, proximate cause, or damages) of the claim(s)

asserted by the nonmovant. (Note 16, *infra*).

37

6-12.   As also stated in <u>Celotex</u>,  at 106 S. Ct. at 2553:

"Of course, a party seeking summary judgment always bears the
initial responsibility of informing the district court of the basis for
its motion, and identifying those portions of 'the pleadings, depo-
sitions, answers to interrogatories and admissions on file, together
with the affidavits, if any,' which it believes demonstrate the absence
of a genuine issue of material fact.  ...  The movant can meet this
burden by presenting evidence showing there is no dispute of material
fact, or by showing the non-moving party has failed to present evidence
in support of some element of its case on which it bears the ultimate
burden of proof." (Citations omitted) (Note 17)

6-13.  Thus, <u>Celotex</u> began the "two-track" approach to determining the

propriety for summary judgment:

  a.  <u>Track #1</u>:   Movant demonstrates that there are no GIMFs <u>and</u> that
      the movant is EJML, and the nonmovant does not present substantial
      evidence of any GIMF;   OR

  b.  <u>Track #2</u>:   Movant demonstrates the absence of an essential element of
      the nonmovant's case.

---

Note 16.  For a discussion of the effects of <u>Celotex</u> and the other two 1986 U.S. Supreme
Court opinions (<u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202
(1986) and <u>Matsushita Elec. Indus. Co. V. Zenith Radio Corp.</u>, 475 U.S. 574, 106 S. Ct. 1348,
89 L. Ed. 2d 538 (1986)  upon the summary judgment "litigation matrix," including the
addition of the "absence of an essential element" issue, *see* M. Redish, <u>Summary Judgment
and the Vanishing Trial: Implications of the Litigation Matrix</u>,  57 Stan. L. Rev. 1329 (April
2005) .

Note 17: This "initial responsibility" has been consistently recognized in the Middle District
of Alabama. *See, e.g.*, <u>Ashe v. Aronov Homes</u>, Inc., 354 F. Supp. 2d 1251, 1257 (M.D. Ala.
2004);  <u>Horne v. Russell County Comm'n</u>, 379 F. Supp. 2d 1305, 1313-14 (M.D. Ala. 2005);
<u>Looney v. Hyundai Motor Mfg Ala.</u>, 358 F. Supp. 2d 1102, 1103 (M.D. Ala. 2005);  <u>Sanders
v. City of Montgomery</u>, 319 F. Supp. 2d 1296, 1301-02 (M.D. Ala. 2004); and <u>Walton v.
Montgomery City Bd of Educ.</u>, 371 F. Supp. 2d 1318, 1321 (M.D. Ala. 2005).

6-14.    As quoted above in paragraph 8-2, the Bankruptcy Court determined that the affidavit of the Willifords' attorney (Murray) (Doc. 70) (Ex. #9) did not provide evidence of causation, and essential element of the Willifords' claims.  However, that determination ignored the information and evidence contained in other portions of the Willifords' pleadings, and the reasonable inferences to be drawn therefrom.   In addition the Court was required to view *all* of the record in a light most favorable to the Willifords, as stated many times. *See, e.g.*, <u>Williams v. Alabama</u>, 346 F. Supp. 1194, 1201 (M.D. Ala. 2004)

> "When a court considers a motion for summary judgment, it is to refrain from deciding any material factual issues.  All evidence and  inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmovant.   The movant bears 'the exacting burden of demonstrating that there is no dispute as to any material fact in the case.' "  (citations omitted)   (Note 18)

6-15.  Here, the Bankruptcy Court looked only to Murray's "expert" affidavit in making its determination that the Willifords had failed to present the essential element of "causation."

---

Note 18:   The requirement that the court "view the evidence in the light most favorable and draw all reasonable inferences therefrom in favor of the nonmovant" has been stated in various ways many times in Alabama.  For just a sampling, *see* <u>Twilley v. Burlington No. & S.F. RR</u>, 351 F. Supp. 2d 1299, 1303 (N.D. Ala. 2004); <u>Cannon v. Dyncorp</u>, 378 F. Supp. 2d 1332, 1339 (M.D. Ala. 2005); <u>Birks v. jack Ingram Motors, Inc.</u>, 346 F. Supp. 2d 1216, 1218 (M.D. Ala. 2004); <u>Bradford v. Rent-A-Center East, Inc.</u>, 346 F. Supp. 2d 1203, 1205 (M.D. Ala. 2004); <u>Jackson v. Mid-America Ap't. Cmtys.</u>, 325 F. Supp. 1297, 1299 (M.D. Ala. 2004); and <u>Bonner v. The Home Depot</u>, 323 F. Supp. 2d 1250, 1256 (S.D. Ala. 2004).

6-16.  The Court failed to recognize that a "common sense" interpretation of that affidavit and to apply the "reasonable inferences" test to the combination of that affidavit and the other materials submitted by the Willifords, all of which jointly demonstrate "causation."

6-17.  Further, while Murray's "expert" affidavit does not use the magical words "but for," it definitely does what it states it would do: mention a range of instances in which the movants breached the applicable standard of case.

6-18.   The Willifords argue that following documents, when combined with his "expert" affidavit,  provide sufficient evidence of causation to withstand the movants' MSJ:

### a.  From Willifords'  "Second Amended Complaint" (Ex. #18):

" ¶ D-7.   The WILLIFORDS contend that the frauds by the Defendants have proximately required them to become liable for a considerable amount of money, have required that they expend a substantial amount of money in filing bankruptcy and other legal proceedings, and have caused them to be subject to extraordinary mental and emotional stress."

"¶ E-6.   The WILLIFORDS allege that the Defendants' various breaches of contract with the defendants have proximately caused them substantial economic injury as well as a great deal of mental and emotional stress."

"¶ F-3.   The WILLIFORDS allege that the Defendants' conspiracy to defraud has proximately caused them substantial economic injury as well as a great deal of mental and emotional stress."

40

"¶ G-3.  The WILLIFORDS allege that the Defendants' conspiracy to breach their contract with the WILLIFORDS has proximately caused the WILLIFORDS  substantial economic injury as well as a great deal of mental and emotional stress."

"¶ H-3.  The WILLIFORDS allege that the Defendants' violations of their fiduciary duties to the WILLIFORDS have proximately caused the WILLIFORDS  substantial economic injury as well as a great deal of mental and emotional stress."

40

"¶ I-4.  The WILLIFORDS allege that the Defendants' wantonness has proximately caused them  substantial economic injury as well as a great deal of mental and emotional stress."

"¶ J-4.  The WILLIFORDS allege that the Defendants' outrageous conduct has  proximately caused them  substantial economic injury as well as a great deal of mental and emotional stress."

## b.  From Willifords' Opposition to Defendants' Joint MSJ" (Ex. #6):

"¶ B-2.  Here, the Plaintiffs have presented each of the major elements of their various claims under the Alabama Legal Services Liability Act (ALSLA) that:
.....
c. That the Defendants' act or omission proximately caused them damages."

## c.  From Kenneth Willifords' Affidavit (Ex. #7):

"¶ 7.  The Defendants are misdirectional in asserting, in paragraph #2 of their Motion, that we (myself and Charlotte Williford) contend that the adverse Emerton verdict and judgment were the result of their breach of the applicable standard of care.  We are contending that the Emerton verdict and judgment were just a part of the result of the Defendants' various acts and omissions.  A reading of our "Second Amended Complaint" clearly presents a wide range of tortuous acts and omissions and the results thereof, so it is deceitful to list just the verdict and judgment themselves."

41

"¶ 11.  In their "Introduction," [Ex. #3] the defendants erroneously state:
'There is no act or omission by the Defendants which caused
or contributed to any damage suffered by the Willifords.'
That is simply a self-serving statement.  There are many acts of [sic: and]
omissions of the Defendants, singly and jointly committed, which led to
our damages, as will be stated throughout this Affidavit."
(Bracketed material added)

### d.  <u>From Charlotte Willifords' Affidavit</u> (Ex. #8):

"¶ 6.  With regard to the Defendants' "Motion for Summary Judgment,"
[Ex. #4] I take issue with paragraph #2 thereof.   Defendants are in error.
I have not contended what the Defendants allege I have contended.  A
careful reading of the "Second Amended Complaint" [Ex. #17] charges a
relatively wide range of torts, each of which demonstrates a failure to
provide legal  representation commensurate with the level of  expected in
the legal community.  The rendition of the jury's verdict in the <u>Emerton</u>
case, and the amount of that verdict ($383,000) were just the 'tip of the
iceberg,' so to speak, and only one aspect of my allegation of 'legal
malpractice' against the Defendants."
(Bracketed material added)

6-18.  Finally, it may be pertinent to mention the requirement that an affi-

davit must be based upon "personal knowledge." While Murray stated in his

"expert" affidavit that he has personal knowledge of the requisite standard of

care, and that the Defendants' acts and omission constitute breaches of that

case, and that the Willifords have suffered damages, it would seem to be

logicaly impossible for anyone to state, "on personal knowledge," that the

Defendants' violations "caused" the <u>Emerton</u> verdict and related damages.

That issue of "causation", and the ultimate damages, are fact questions to be

**42**

determined by the trier of fact, and any conclusory statement about such "causation" is purely speculative.

6-19.  In summary of this "Argument #6," the Willifords contend that the Bankruptcy Court erred to revesal by limiting their presentation of allegations of "causation" to the "expert" affidavit of their attorney, and by not looking to the record as a whole, and by not drawing all reasonable inference in their favor.

42

## Conclusion, Stating Relief Sought

<u>Conclusion</u>:   The Willifords submit that, for all of the reasons presented above, the Bankruptcy Court erred to reversal by awarding Summary Judgment to the Defendants.

<u>Relief Sought</u>:   The Willifords ask This Court to <u>Reverse</u> the Banmkruptcy Court's award of Summary Judgment to the Defendants, and to <u>Remand</u> this litigation for further proceedings,

/S/

William R. Murray
Attorney for
Charlotte T. WILLIFORD and
Kenneth WILLIFORD,
Plaintiffs/Appellants

William R. Murray
Attorney at Law
Murray Lane
Northport, AL 35475
(205) 339-7080
ID:  ASB-1931-A64W
(Old ID: MUR-012)

43

## Certificate of Service

I hereby certify that, ~~in addition to "E-filing"~~ this "Appellants/Willifords' Principal Brief" on October 10, 2005 ~~(without exhibits, which the undersigned has been unable to "scan" into his computer),~~ I hand-delivered one "hard copy" thereof, ~~and also on a "floppy disk" version thereof,~~ with all exhibits in a separate volume accompanying the Brief,  to the Clerk of the U.S. District Court for the Middle District of Alabama and hand-delivered set of materials (Brief in hard copy and on floppy disk plus Exhibits) to Adversary counsel, for all 3 Defendants,  Mr. Aldos L. Vance, Esq.  and Mr. Robert P. MacKenzie, at their offices at Starnes & Atchison, on October 11, 2005.



/S/ _____

**William R. Murray**
**Attorney for**
**Plaintiffs/Appellants/Nonmovants**
**(the Willifords)**

44