No. 3:05cv857-T

---

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

---

CHARLOTTE T. WILLIFORD AND KENNETH WILLIFORD
Plaintiffs/Appellants

V.

MR. KENNETH L. FUNDERBURK, ESQ., MR. THOMAS F. WORTHY, ESQ.,
AND FUNDERBURK, DAY & LANE
Defendants/Appellees

---

On Appeal from the United States Bankruptcy Court
for the Middle District of Alabama
Bankruptcy Judge William R. Sawyer Presiding
Case Nos.  BK-03-81486-WRS
AP-04-0805-WRS

---

BRIEF OF APPELLEES

---

**Attorneys for Defendants/Appellees:**
Robert P. MacKenzie, III, Esq.
Aldos L. Vance, Esq.
STARNES & ATCHISON LLP
P. O. Box 598512
Birmingham, AL  35259-8512
(205) 868-6000

Docket No.:  05-857-T
Williford v. Funderburk

---

## CERTIFICATE OF INTERESTED PERSONS  AND CORPORATE DISCLOSURE STATEMENT

---

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Eleventh Circuit Local Rules 26.1-1 through 26.1-3, the Defendants/Appellees, Kenneth Funderburk, Thomas Worthy and Funderburk, Day & Lane, incorporate the certificate of interested persons  attached to the Plaintiffs/Appellants' Brief except that the name "Leonard Math" should be substituted for "Leonard Nath" on the certificate.   Additionally, Defendants/Appellees add the following interested persons:

1.     Robert P. Lane, partner with the law firm of Funderburk, Day & Lane.

2.     J. Philip Day, Partner with the Law Firm of Funderburk, Day & Lane.

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Defendants/Appellees (hereinafter "Defendants") oppose the Plaintiffs/Appellants' (hereinafter "Plaintiffs") request for oral argument. The appeal in this case involves no complicated, novel, or far-reaching issues of law. The central question presented concerns whether the United States Bankruptcy Court for the Middle District of Alabama (hereinafter "bankruptcy court") properly granted summary judgment in favor of Defendants and precluded affidavits submitted by Plaintiffs in opposition to summary judgment. The law is very clear on this point. Oral argument is not necessary.

## **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ........................................................................ C-1

STATEMENT REGARDING ORAL ARGUMENT ............................................... i

TABLE OF CONTENTS ..................................................................................... ii

TABLE OF CITATIONS .................................................................................... iv

STATEMENT OF JURISDICTION .................................................................. viii

STATEMENT OF THE ISSUES ........................................................................ 1

STATEMENT OF THE CASE ............................................................................ 2

    A.   NATURE OF CASE ............................................................................... 2

    B.   COURSE OF PROCEEDINGS AND DISPOSITION BELOW ................. 2

    C.   STATEMENT OF FACTS ...................................................................... 3

          1.   Facts of Underlying Action .............................................................. 3

          2.   Impact of Collateral Criminal Charges Against Mr. Williford for the Rape and Sodomy of a 14-year-old Female. ........................................... 5

          3.   Trial of the *Emerton* matter. ............................................................ 6

          4.   Post *Emerton* verdict. ..................................................................... 7

    D.   STATEMENT OF THE STANDARD OF REVIEW AND APPLICABLE LAW………………………………………………… 8

SUMMARY OF THE ARGUMENT .................................................................. 10

ARGUMENT AND CITATIONS OF AUTHORITY ........................................... 14

I.   EXPERT TESTIMONY IS REQUIRED UNDER THE ALSLA IN
     ORDER TO REBUT A PROPERLY SUPPORTED MOTION FOR
     SUMMARY JUDGMENT ...................................................................... 15

     A.   The Alabama Legal Services Liability Act .................................. 16

     B.   The ALSA Required Plaintiffs to Present Expert Testimony .................... 18

     C.   The Plaintiffs Were Required to Provide Expert Testimony
          In Order to Maintain Their Claim Under the ALSLA ............................... 21

II.  THE BANKRUPTCY COURT PROPERLY STRUCK THE AFFIDAVITS
     OF COUNSEL FOR PLAINTIFFS AND AFFIDAVITS OF PARTY
     PLAINTIFFS FILED IN OPPOSITION TO DEFENDANTS' MOTION FOR
     SUMMARY JUDGMENT ...................................................................... 24

     A.   The Party Plaintiffs' Own Affidavits Are Inadequate to Defeat
          Summary Judgment ....................................................................... 25

     B.   Plaintiffs' Counsel's Affidavit was Procedurally and Substantively
          Defective .................................................................................... 26

          1.   Procedural Deficiencies ......................................................... 27

          2.   Substantive Deficiencies ........................................................ 30

III. THE BANKRUPTCY COURT PROPERLY GRANTED SUMMARY
     JUDGMENT IN FAVOR OF THE DEFENDANTS ...................................... 33

CONCLUSION ............................................................................................. 35

CERTIFICATE OF COMPLIANCE .................................................................. 36

CERTIFICATE OF SERVICE .......................................................................... 37

# **TABLE OF CITATIONS**

Bodana v. Brinkley,
    614 So. 2d 749 (Ala. 1992)................................................................10, 17, 34

Bodana v. Howie,
    639 So. 2d 749 (Ala. 1992).................................................................. 17, 34

Bonner v. City of Prichard,
    661 F.2d 1206, 1209 (11th Cir. 1981)(en banc) ...............................................9

Borden v. Clement,
    261 B.R. 275, 282 (N.D. Ala. 2001)..............................................................17

Crawford v. Hall,
    531 So. 2d 874, 875 (Ala. 1988)....................................................................30

Cunningham v. Langston, Frazer, Sweet, & Freese, P.A.,
    727 So. 2d 800, 803 (Ala. 1999)....................................................................16

Erie Railroad Co. v. Tompkins,
    304 U.S. 64, 58 S.Ct. 817 (1937) ..................................................................14

Herring v. Parkman,
    631 So. 2d 996, 1002 (Ala. 1994) ..................................................................16

Green v. Ingram,
    794 So. 2d 1070 (Ala. 2001)...................................... 10, 14, 17, 21, 22, 23, 33

Hall v. Thomas,
    456 So. 2d 67, 68 (Ala. 1984)..................................................................30, 31

Hodges v. United States,
    597 F.2d 1014 (5th Cir. 1979) .........................................................................9

In re Alabama Land and Mineral Corp.,
    292 F.3d 1319, 1323 (11th Cir. 2002) ..............................................................8

In re Brown,
    303 F.3d 1261, 1265 (11th Cir. 2002) ..............................................................8

In re M. Taunton,
    306 B.R. 1, 2 (M.D. Ala. 2004) ......................................................9

In re Optical Technologies, Inc.,
    246 F.3d 1332, 1334 (11th Cir. 2001) ...........................................8

In re The Campfire Shop, Inc.,
    71 B.R. 521, 524 (Bkrtcy. E.D. Pa. 1987).................................. viii

JLJ, Inc.,
    988 F.2d 1112, 1116 (11th Cir. 1993) ...........................................8

Jacobs v. Agency Rent-A-Car, Inc.,
    145 F.3D 1430 (11th Cir. 1998)................................................9, 28

Kessler v. Gillis,
    2004 WL 1950298, at *3-4 (Ala. Civ. App. 2004) ...........10, 15, 17

McDowell v. Burford,
    646 So. 2d 1327 (Ala. 1994)........................ 10, 14, 17, 18, 21, 23, 24, 33, 35

Morrison v. Franklin,
    655 So. 2d 964(Ala. 1995)...........................................................30

Mylar v. Wilkinson,
    435 So. 2d 1237 (Ala. 1983)....................................................30, 31

Newman v. Silver,
    53 F. Supp. 485 (D.C.N.Y. 1982)...................................................31

Peoples v. Nassaney,
    638 So. 2d 879 (Ala. 1994)......................................10, 14, 17, 33

Phillips v. Alonzo,
    435 So. 2d 1266 (Ala. 1983)
    cert. denied, 464 U.S. 984, 104 S.Ct. 430
    78 L.Ed.2d 363 (1983)...................... 10, 11, 12, 14, 17, 21, 22, 24, 25, 34, 35

Pickard v. Turner,
 592 So. 2d 1016, 1020 (Ala. 1992) ...............................................16

Randolph County v. Alabama Power Co.,
 784 F.2d 1067, 1072 (11th Cir. 1986), cert. denied,
 479 U.S. 1032, 107 S.Ct. 878, 93 L.Ed.2d 833 (1987) ....................................9

Rice v. Hartman, Fawal & Spina,
 582 So. 2d 464, 465 (Ala. 1991).................................................10, 14, 17, 34

Sessions v. Espy,
 854 So. 2d 515, 522 (Ala. 2002)....................................................16

Schwartz v. Million Air, Inc.,
 341 F. 3d. 1220, 1225 (11th Cir. 2003 .........................................27

Tasby v. Peek,
 396 F. Supp. 952 (D. C. Ark. 1975) ............................................31

Tidwell v. Waldrop,
 554 So. 2d 1009 (Ala. 1989) .................................. 10, 14, 17, 21, 24, 34, 35

Tonsmeire v. AmSouth Bank,
 659 So. 2d 601 (Ala. 1995)...................................... 10, 14, 17, 21, 23, 33, 35

Townsend v. General Motors Corp.,
 642 So. 2d 411, 423 (Ala. 1994)....................................................32

United States v. Varner,
 13 F.3d 1503, 1507-08 (11th Cir. 1994).........................................28

Valentine v. Watters,
 2004 WL 818681, at *8-9 (Ala. April 16, 2004)..............................10, 15, 17

Walker v. Anderson Electrical Connectors,
 944 F.2d 841, 844 (11th Cir. 1991)   .........................................9, 29

West v. American Telephone & Telegraph Co.,
 31 U.S. 223, 236, 62 S.Ct. 179,  183 (1940) ..................................14

Whatley v. Cardinal Pest Control,
     388 So. 2d 259, 532 (Ala. 1980)...............................................................32, 33

Williams v. Baldwin County Commission,
     203 F.R.D. 512, 517 (S.D. Ala. 2001).........................................................28

## Statutes:

28 U.S.C. §1334……………………………………………………………………viii

28 U.S.C. §158(a)…………………………………………………………………viii

ALA. CODE § 6-5-570, et seq. (1993) …………………………..………… 2, 9, 11, 16

ALA. CODE § 6-5-572 (1993) …………………………..…………………...…3, 16

ALA. CODE § 6-5-572(3)(a) (1993)…………………………..……….………2, 11, 16

ALA. CODE § 6-5-580 (1993)     …………………………..………………10, 16, 21

ALA. CODE § 6-5-580(1) (1993)   …………………………..………………………10

## Rules:

Fed. R. Civ. P. 12  …………………………………………………………viii

Fed. R. Civ. P. 52  …………………………………………………………viii

Fed. R. Civ. P. 56…………………………………………………..…………viii

Fed. R. Civ. P. 26.1 – Fed. R. App. P. 26.1.3……..........................................…C-1

Bank. R. Civ. P. 7052(a)……………………………………………………………viii

## <u>STATEMENT OF JURISDICTION</u>

The underlying bankruptcy court's jurisdiction is based upon 28 U.S.C. § 1334 as the complaint was filed as an adversary proceeding after Plaintiffs sought relief under Chapter 11 of the Bankruptcy Code. (Doc. 1; Doc. 16).

This Honorable Court's jurisdiction is premised upon 28 U.S.C. § 158(a) which addresses appeals from final judgments, orders and decrees entered by bankruptcy courts. Contrary to Plaintiffs' statement of jurisdiction, Rule 52 (a) of the Federal Rules of Civil Procedure[1] specifically states that findings of fact and conclusions of law are unnecessary in decisions on motions filed under the Civil Rules 12 and 56. <u>See</u> <u>In re The Campfire Shop, Inc.</u>, 71 B.R. 521, 524 (Bkrtcy. E.D. Pa. 1987). The United States Bankruptcy Court Judge William R. Sawyer entered his order granting summary judgment as to all claims in favor of Defendants on July 21, 2005. (Doc. 76). Judge Sawyer granted summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. 75; Doc. 76). Plaintiffs filed their Notice of Appeal requesting review by this Honorable Court on July 29, 2005. (Doc. 82 – p. 1-3). This Court rightfully has jurisdiction over this appeal.

---

[1] The bankruptcy rules of procedure adopts Rule 52 (c). <u>See</u> BANK. R. CIV. P. 7052 (a).

## <u>STATEMENT OF THE ISSUES</u>

I.    WHETHER EXPERT TESTIMONY IS REQUIRED UNDER THE ALSLA IN ORDER TO REBUT A PROPERLY SUPPORTED MOTION FOR  SUMMARY JUDGMENT.

II.    WHETHER THE BANKRUPTCY COURT PROPERLY STRUCK THE AFFIDAVITS OF COUNSEL FOR PLAINTIFFS AND AFFIDAVITS OF PARTY PLAINTIFFS FILED IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.

III.    WHETHER THE BANKRUPTCY COURT PROPERLY GRANTED SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS.

1

## STATEMENT OF THE CASE

**A.    Nature of the Case.**

This appeal arises from the bankruptcy court's grant of summary judgment in favor of Defendants in a legal malpractice action. (Doc. 75; Doc. 76).  Alabama law required Plaintiffs to provide expert testimony in rebuttal to summary judgment.  See ALA. CODE § 6-5-570, et seq. (1993).  Plaintiffs failed to do so. (Doc. 75; Doc. 76).  Instead, Plaintiffs provided insufficient and inadequate affidavits from the party Plaintiffs and their counsel of record. (Doc. 75 – pp. 6-10).  These affidavits, however, were properly stricken from the record by the bankruptcy court because of procedural and substantive deficiencies. Id.  Plaintiffs now appeal, arguing that the bankruptcy court should have ignored its own pretrial order as well as Alabama law concerning the requirement of expert testimony.

**B.    Course of Proceedings and Disposition Below.**

After filing for Chapter 11 bankruptcy, Plaintiffs filed an adversary proceeding against Defendants alleging violations of the Alabama Legal Services Liability Act (ALSLA). (Doc. 1; Doc. 16).  Defendants filed an answer. (Doc. 22).  The bankruptcy court entered a pretrial order to govern the adversary proceeding. (Doc. 48). Included in the pretrial order was the deadline for the disclosure of expert witnesses. Id.    Plaintiffs disclosed the attorneys involved in the underlying action as expert witnesses. (Doc. 56).  Plaintiffs' attempts to extend the deadline to

disclose expert witnesses were twice denied by the bankruptcy court. (Doc. 57; Doc. 59).

Defendants filed a motion for summary judgment, memorandum brief in support of summary judgment, and supporting affidavits. (Doc. 63; Doc. 64).  In opposition, Plaintiffs  filed a responsive brief, party Plaintiffs' affidavits and an affidavit of Plaintiffs' counsel.  (Doc. 70).  Defendants filed a motion to strike all affidavits submitted by Plaintiffs. (Doc. 71).  Defendants also filed a reply brief. (Doc. 72).  Plaintiffs filed a response to Defendants' motion to strike. (Doc. 73). The bankruptcy court properly granted Defendants' motion to strike and summary judgment. (Doc. 75; Doc. 76).  Plaintiffs now file this appeal.

**C.    Statement of Facts.**

1.    Facts of Underlying Action.[2]

The Plaintiffs Kenneth and Charlotte Williford ("Willifords") owned and operated Ben-Mor Village trailer park located in Chambers County. (Doc. 64 – Exh. 3). On August 28, 1998, Scott and Kristi Emerton ("Emertons") entered into a lease-purchase agreement with the Willifords to lease to own a mobile home in the

---

[2]    "The term underlying action refers to the legal matter concerning the handling of which it is alleged that the legal services provider breached the applicable standard of care.  The term is applicable in legal service liability actions in which the legal service provider's liability is dependent in part upon or derived from the legal service provider's acts or omissions concerning the handling of the underlying action." ALA. CODE § 6-5-572 (1993).

3

trailer park. (Id.). After entering into the lease-purchase agreement, the Emertons decided to upgrade to a better mobile home. (Id.). The Emertons made the down payment but subsequently a dispute arose as to whether the future monthly payments were to be made. (Id.). As a result of this dispute, the Willifords posted a "Notice of Termination of Tenancy/Lease" on the Emertons' door.    Soon thereafter, a second identical notice was also placed on the door.  (Id.).

In response to the notices, the Emertons returned to the mobile home to retrieve their items and were met by the Willifords. (Id. at * 2).  The Emertons arrived to see the door removed from their mobile home. (Id.).  The Willifords gave the Emertons ten minutes to collect their possessions and leave the premises. (Id.).  As a result of physical threats, the Emertons removed what property they could given the time limitations and subsequently, left the trailer park.  (Id.)  On or about March 2000, the Emertons sued the Willifords alleging conversion, trespass, the tort of outrage and breach of contract. (Id.).  The Defendants Kenneth Funderburk, Thomas Worthy and the law firm of Funderburk, Day & Lane  were retained to represent the Willifords.  Later, LaFayette, Alabama attorney Susan Harmon joined the Defendants' representation of the Willifords.

2. <u>Impact of Collateral Criminal Charges Against Mr. Williford for the Rape and Sodomy of a 14-year-old Female.</u>

Over the years and while the <u>Emerton</u> suit was pending, Mr. Williford has been charged with numerous civil and criminal claims. Among these charges, the most serious was Mr. Williford being arrested on November 22, 1999 on charges of first degree rape and sodomy of a 14-year-old female. (Doc. 64 − Exh. 1 − ¶ 4). There was extensive media coverage including television and newspaper reports of Mr. Williford's arrest and indictment. (<u>Id.</u> at ¶ 6). Leading up to the <u>Emerton</u> trial, Mr. Williford was investigated for his alleged involvement with an attempted bribery of the rape victim's parents. (Doc. 64 − Exh. 4; Doc. − Exh. 5). The *Opelika-Auburn News*, reported that a friend and associate of the Willifords, Jerry Barnette, was convicted for bribing a witness in a sexual abuse case "against Kenneth Williford, owner of Hickory Haven Trailer Park in Opelika." (Doc. 64 − Exh. 4). The same newspaper article goes on to state that "Williford was charged in November 1999 with first-degree rape and first degree sodomy of a 14-year-old girl at **his trailer park**." (<u>Id.</u>) (Emphasis added).

Another newspaper, the *Columbus Ledger-Enquirer*, reported that "Williford is awaiting trial on charges he raped and sodomized a 14-year-old girl. Barnette was convicted of bribing the girl's stepfather and is jailed as he awaits sentencing." (Doc. 64 − Exh. 5). The articles discussing Mr. Barnette and Mr.

Williford also mentioned numerous deadly explosives being found at the home of Mr. Barnette.  (Id.).   There were also television news reports similar to the newspaper articles.  (Doc. 64 − Exh. 1 − ¶ 6;  Doc. 64 − Exh. 2 − ¶ 5).  In the midst of defending the Willifords in the Emerton, matter, the Defendants were forced to deal with the media frenzy and general reputation of Mr. Williford.  (Id.).  Because of the allegations against Mr. Williford, the pending criminal charges, Mr. Williford's temper and his general reputation, an appropriate litigation and trial strategy  was devised.   (Doc. 64 − Exh. 1 − ¶ 8;  Doc. 64 − Exh. 2 − ¶ 5). This included the determination that Mr. Worthy and Mrs. Harmon would try the Emerton suit for the Willifords.  (Id.).

      3.    Trial of the *Emerton* matter.

While the criminal charges remained pending, the Emerton, matter was called to trial on September 16, 2002 before the Honorable Chambers County Circuit Court Judge Tom Young. (Doc. 64 − Exh. 3 − p. 2).  As planned, the Willifords were represented at trial by Attorneys Worthy and Harmon.  (See generally, Doc. 64 − Exh. 1;  Doc. 64 − Exh. 2).  During the trial, the following material witnesses testified: Mrs. Williford, Mr. Emerton and Mrs. Emerton.  (Doc. 64 − Exh. 2 − ¶¶ 5-6; see also generally, Doc. − Exh. 4).  Because of the public sentiment regarding Mr. Williford  and his temper, it was previously decided that he would not testify.  (Doc. 64 − Exh. 1;  Doc. − Exh. 2).   After hearing the

evidence presented, the jury rendered a verdict in favor of the Emertons. (Doc. 64 − Exh. 6). The Emertons were awarded compensatory damages of $8,000.00 for conversion and $25,000.00 for breach of contract. (See id.; see also Doc. 64 − Exh. 3 − Pg. 2). The Emertons were also awarded $350,000.00 in punitive damages associated with the conversion claim. (See id.).

4.    Post *Emerton* verdict.

A Hammond hearing was conducted by Judge Young and an order entered which did not reduce the verdict. (Doc. 64 − Exh. 6). The order makes clear that the Willifords' loss was the result of their own wrongful conduct. The trial court stated that the evidence demonstrated that the Willifords "converted several of the plaintiffs' [Emertons] items such as a television and refrigerator…" "family mementoes, family photographs, and other items having sentimental value" to the Emertons. (Doc. 64 − Exh. 6 − ¶ 2). According to the trial court, the evidence showed that the Emertons "were forced to leave" wedding gifts and other valuable items behind. (See id. at ¶ 5). The Emertons "did not have sufficient income to replace any of the converted items." (Id. at ¶ 2).

Moreover, there was substantial evidence to demonstrate that the conduct of the Willifords supported the jury's award of punitive damages. (See generally, Doc. 64 − Exh. 6). The trial Court found that Mr. Williford had wrongfully evicted other tenants in the past. (Doc. 64 − Exh. 6 − ¶ 7). As the trial court commented,

"the Defendants [Willifords] evicted a family by cutting of [sic] water to their trailer and later poured concrete over the water valve."  (Doc. 64 - Exh. 6 - ¶7). According to the trial court, this evidence of similar misconduct supported the jury's award of punitive damages.  (See generally, id.).  Furthermore, the trial court found that the evidence demonstrated that the Willifords "converted the plaintiffs' property out of sheer spite and malice." (See id.)  In the end, the trial court, after conducting a Hammond hearing found that the award of damages was supported by "substantial evidence" of the Willifords' conduct.  (Id.).

**D.    Statement of the Standard of Review and Applicable Law.**

This Honorable Court should review the bankruptcy court's grant of summary judgment and conclusions of law under a *de novo* standard of review. See In re Alabama Land and Mineral Corp., 292 F.3d 1319, 1323 (11th Cir. 2002)(appellate court's review *de novo* the grant of summary judgment by a bankruptcy court);    In re Brown, 303 F.3d 1261, 1265 (11th Cir. 2002)(in bankruptcy appeals, legal determinations of a bankruptcy court are subject to *de novo* review); In re Optical Technologies, Inc., 246 F.3d 1332, 1334 (11th Cir. 2001)(Rule 56(c) of the Federal Rules of Civil Procedure now applies to adversary proceedings and requires a finding of no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law and, therefore, appellate courts review a bankruptcy's grant of summary judgment *de novo*.); JLJ, Inc., 988

F.2d 1112, 1116 (11th Cir. 1993)(in reviewing bankruptcy court judgments, a district court functions as an appellate court and reviews legal determinations *de novo*); see also, In re M. Taunton, 306 B.R. 1, 2 (M.D. Ala. 2004)(district court's function as an appellate court in reviewing a bankruptcy's court's decision and examines the bankruptcy court's legal conclusions *de novo*).

As to the striking of Plaintiffs' counsel's affidavit, for failure to comply with a pretrial order this Honorable Court should review the denial of the affidavit on this ground failure to comply with a pretrial order under the abuse of discretion standard of review. Jacobs v. Agency Rent-A-Car, Inc., 145 F.3D 1430, 1432 (11th Cir. 1998); Walker v. Anderson Electrical Connectors, 944 F.2d 841, 844 (11th Cir. 1991); Randolph County v. Alabama Power Co., 784 F.2d 1067, 1072 (11th Cir. 1986), cert. denied, 479 U.S. 1032, 107 S.Ct. 878, 93 L.Ed.2d 833 (1987); Hodges v. United States, 597 F.2d 1014 (5th Cir. 1979).[3]

The adversary proceeding now on appeal was brought pursuant to the Alabama Legal Services Liability Act (ALSLA) and, therefore, is controlled by Alabama law. See ALA. CODE § 6-5-570, et seq., (1993). Specifically, this matter is controlled by the ALSLA and the body of law that has developed related to the ALSLA. Id.

---

[3] Decisions of the former Fifth Circuit issued before October 1, 1981 are binding precedent in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

## SUMMARY OF THE ARGUMENT

The Plaintiffs failed to present expert testimony in opposition to Defendants' motion for summary judgment. Due to this failure, the bankruptcy court properly granted Defendants' motion for summary judgment.

First, the Alabama Legal Services Liability Act (ALSLA) clearly states that expert testimony is required in order to rebut a defendant-attorney's[4] properly supported motion for summary judgment. See generally, ALA. CODE § 6-5-580 (1993); see also  Green v. Ingram, 794 So. 2d 1070 (Ala. 2001); Tonsmeire v. AmSouth Bank, 659 So. 2d 601 (Ala. 1995); McDowell v. Burford, 646 So. 2d 1327 (Ala. 1994);  Peoples v. Nassaney, 638 So. 2d 879, 880 (Ala. 1994); Bodana v. Brinkley, 614 So. 2d 749 (Ala. 1992);  Rice v. Hartman, Fawal & Spina, 582 So. 2d 464, 465 (Ala. 1991); Tidwell v. Waldrop, 554 So. 2d 1009 (Ala. 1989); Phillips v. Alonzo, 435 So. 2d 1266 (Ala. 1983); Kessler v. Gillis,  2004 WL 1950298, at *3-4 (Ala. Civ. App. 2004); but see Valentine v. Watters, 2004 WL 818681, at *8-9 (Ala. April 16, 2004)(the Alabama Supreme Court created a narrow exception to the requirement of expert testimony where an attorney missed the deadline to file certain documents in a MDL action).  Both Defendants and

---

[4] The term defendant-attorney is being used above in order to describe both the attorney and law firm being sued for legal malpractice.

Plaintiffs agree that Plaintiffs' claims do not fall within the narrow exception created by the Supreme Court of Alabama. (Doc. 3 − Appellants' Brief − p. 19).

Second, in the context of a legal malpractice action, the Plaintiffs own affidavits were insufficient to avoid summary judgment. Alabama appellate courts explain that it is insufficient to provide testimony from a layperson in order to avoid summary judgment. See e.g., Phillips, supra.

Third, Plaintiff's counsel of record was never identified as an expert witness as required by the bankruptcy court's pretrial order and, therefore, it was proper for the bankruptcy court to strike his affidavit from the record.

Finally, the expert testimony offered by Plaintiffs failed to meet the procedural and substantive requirements set forth in the ALSLA. See ALA. CODE § 6-5-570 et seq (1993). The bankruptcy court was correct in striking the affidavit on this basis as well. Because Plaintiffs failed to present expert testimony, the bankruptcy court properly granted summary judgment.

On September 13, 2004, Plaintiffs brought action against Defendants pursuant to the ALSLA. (Dol. 1; Doc. 16). On April 22, 2005, the bankruptcy court entered its pretrial order after conducting a scheduling conference. (Doc. 48). As set forth in the pretrial order, the deadline for disclosing expert witnesses was set forth for both parties. Id. The adversary proceeding was pending for eight (8) months prior to the Plaintiffs having to disclose expert witnesses. (Doc. 1; Doc. 48;

11

Doc. 56).  On May 15, 2005, Plaintiffs identified all attorneys involved in the underlying action as expert witnesses.  (Doc. 56).  On several occasions, Plaintiffs attempted to extend the deadline for disclosing expert witnesses. (Doc. 50; Doc. 52).  The bankruptcy court properly denied Plaintiffs' attempts at extension. (Doc. 57; Doc. 59).  Plaintiffs' counsel of record was not identified as an expert witness. Id.  Defendants timely disclosed the names of their experts and provided a Rule 26 Report for their retained expert witness. (Doc. 65; Doc. 67).

Subsequently, Defendants timely filed their motion for summary judgment, memorandum brief in support of summary judgment, and supporting affidavits. (Doc. 63; Doc. 64).  The supporting affidavits were supplied by the attorney-defendants. (Doc.  64 – Exhs. 1-2).  In opposition, Plaintiffs filed a responsive brief supported by affidavits from the party Plaintiffs and their counsel of record. (Doc. 70 – Exhs. 1-3).  It is well-settled under Alabama law that an affidavit submitted by a party plaintiff is insufficient to rebut summary judgment.  See e.g., Phillips v. Alonzo, 435 So. 2d 1266, 1267 (Ala. 1983), cert. denied, 464 U.S. 984, 104 S.Ct. 430 (1983).   Defendants filed a motion to strike the party Plaintiffs' affidavits submitted in opposition to summary judgment. (Doc. 71).   The bankruptcy court was correct in striking the party Plaintiffs' affidavits. (Doc. 75 – pp. 7-10; Doc. 76)

Likewise, as explained by the bankruptcy court, Plaintiffs' counsel of record's affidavit was improper, insufficient and inadequate. (Doc. 75). Plaintiff's counsel of record was never identified as an expert witness as required by the bankruptcy court's pretrial order. (Doc. 56). Moreover, the bankruptcy court held that Plaintiffs' counsel's affidavit was substantively inadequate to rebut summary judgment. (Doc. 75 − pp. 8-9). Therefore, the bankruptcy court properly excluded Plaintiffs' counsel's affidavit. (Doc. 75 − pp. 6-7). All affidavits offered by Plaintiffs were properly stricken from the record.

Alabama law clearly required Plaintiffs to provide expert testimony to rebut summary judgment. Plaintiffs failed to do so. Summary judgment was properly granted by the bankruptcy court based on Plaintiffs' failure to offer expert testimony in rebuttal. The bankruptcy court's grant of summary judgment is due to be affirmed.

## ARGUMENT AND CITATION OF AUTHORITIES

Defendants respectively disagree with the issues presented by Plaintiffs for consideration by this Court. The central and pivotal issue in this appeal is whether the bankruptcy court was correct in granting summary judgment in favor of Defendants in the absence of Plaintiffs' providing expert testimony in rebuttal.

The bankruptcy court's order granting Defendants' motion for summary judgment is due to be affirmed for four reasons. First, the Alabama Legal Services Liability Act (ALSLA)[5] explains that expert testimony must be presented by a plaintiff in order to rebut a properly supported motion for summary judgment. See generally, ALA. CODE § 6-5-570, et seq; (1993) see also Green v. Ingram, 794 So. 2d 1070 (Ala. 2001); Tonsmeire v. AmSouth Bank, 659 So. 2d 601 (Ala. 1995); McDowell v. Burford, 646 So. 2d 1327 (Ala. 1994); Tidwell v. Waldrop, 554 So. 2d 1009 (Ala. 1989); Phillips v. Alonzo, 435 So. 2d 1266 (Ala. 1983);

---

[5] The parties agree that the Erie doctrine and its progeny required the bankruptcy court as well as this Honorable Court to apply the law of the State of Alabama. See generally, Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817 (1937). The United States Supreme Court explains that "[s]tate law is to be applied in the federal as well as the state courts and it is the duty of the former in every case to ascertain from all the available data what the state law is and apply it rather than to prescribe a different rule…" West v. American Telephone & Telegraph Co., 31 U.S. 223, 236, 62 S.Ct. 179, 183 (1940)(referencing, Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817 (1937)). The parties also agree that the Willifords' claims are brought pursuant to the ALSLA and, therefore, the requirements of the ALSLA control. (Doc. 3 – Appellants' Brief – p. 7 – Note 4).

Kessler v. Gillis, 2004 WL 1950298, at *3-4 (Ala. Civ. App. 2004). Plaintiffs failed to do so. Second, Alabama appellate courts explain that it is insufficient to provide testimony from a layperson in order to avoid summary judgment. Id. The affidavits of the Plaintiffs own affidavits were properly stricken. (Doc. 75 – p. 7). Third, Plaintiffs' counsel was never identified as an expert witness and, therefore, his affidavit was properly precluded on a procedural basis. (Doc. 56; Doc. 75 – pp. 8-10). Fourth, the bankruptcy court determined that even if it were to "ignore the procedural infirmities previously discussed, Murray's affidavit is substantively insufficient to rebut the Defendants' assertions that they were not negligent in their representation of the Willifords." (Doc. 75 – pp. 7-10). The Plaintiffs' failure to provide expert testimony as set forth in the ALSLA entitled the Defendants to summary judgment. Therefore, the grant of summary judgment was proper and due to be affirmed.

I.     EXPERT TESTIMONY IS REQUIRED UNDER THE ALSLA IN ORDER TO REBUT A PROPERLY SUPPORTED MOTION FOR SUMMARY JUDGMENT.

The Plaintiffs concede that the "underlying Adversary Proceeding is based solely" upon the ALSLA. (Doc. 3 – Appellants' Brief – p. 7 – Note 4; Doc. 3 – Appellants' Brief – p. 19). Even so, Defendants respectfully set forth the following background of the ALSLA in presenting their argument:

### A.    The Alabama Legal Services Liability Act.

The ALSLA applies to all actions against a legal service provider alleging a breach of their duty or standard of care in providing legal services. See ALA. CODE § 6-5-573 (1999); see also Sessions v. Espy, 854 So. 2d 515, 522 (Ala. 2002); Cunningham v. Langston, Frazer, Sweet, & Freese, P.A., 727 So. 2d 800, 803 (Ala. 1999). An attorney's duty to a client is prescribed by statute. See ALA. CODE § 6-5-570, et seq. (1993). Alabama Code Sections 6-5-572 and 6-5-580, provide that an attorney must exercise "reasonable care, skill, and diligence as other similarly situated legal service providers in the same general line of practice and in the same general locality ordinarily have and exercise in a like case." ALA. CODE § 6-5-580(1) (1993); ALA. CODE § 6-5-572(3)(a)(1993).  The Supreme Court of Alabama has consistently interpreted this statute to require that an attorney only provide reasonable care.  See Herring v. Parkman, 631 So. 2d 996, 1002 (Ala. 1994).  It is well settled that an attorney does not guarantee the success of his representation, nor is a lawyer "expected to achieve impossible results for a client." Pickard v. Turner, 592 So. 2d 1016, 1020 (Ala. 1992).

In order "to prove a claim of legal malpractice, a plaintiff must prove that the lawyer breached the applicable standard of care, defined as such reasonable care, skill and diligence as other similarly situated legal service providers in the same general line of practice and in the same general area ordinarily have and

exercise in like cases." <u>Borden v. Clement</u>, 261 B.R. 275, 282 (N.D. Ala. 2001). Alabama's longstanding rule in legal malpractice actions required the Plaintiffs to demonstrate through expert testimony that Defendants breached the standard of care. <u>See</u>  <u>Green v. Ingram</u>, 794 So. 2d 1070, 1072 (Ala. 2001); <u>Tonsmeire v. AmSouth Bank</u>, 659 So. 2d 601, 605 (Ala. 1995); <u>McDowell v. Burford</u>, 646 So. 2d 1327, 1328 (Ala. 1994); <u>Peoples v. Nassaney</u>, 638 So. 2d 879, 880 (Ala. 1994); <u>Bodana v. Brinkley</u>, 614 So. 2d 981 (Ala. 1992); <u>Bodana v. Howie</u>, 638 So. 2d 749 (Ala. 1992); <u>Rice v. Hartman, Fawal & Spina</u>, 582 So. 2d 464, 465 (Ala. 1991); <u>Tidwell v. Waldrop</u>, 554 So. 2d 1009, 1010 (Ala. 1989); <u>Phillips v. Alonzo</u>, 435 So. 2d 1266 (Ala. 1983); <u>cert</u> <u>denied</u> 464 U.S. 984, 104 S.Ct. 430 (1983) <u>but</u> <u>see</u> <u>Valentine v. Watters</u>, 2004 WL 818681, *8-9 (Ala. April 16, 2004)(the Alabama Supreme Court created a narrow exception to the requirement of expert testimony where an attorney missed the deadline to file certain documents in a MDL action). The parties to this appeal agree that expert testimony is required in this matter. (Doc. 3 – Appellants' Brief – p. 19).  Plaintiffs concede that their claim of legal malpractice does not fall within the narrowly tailored exception announced in <u>Valentine,</u> <u>supra</u>.   (<u>See</u> <u>Id</u>.).

### B.    The ALSLA Required Plaintiffs to Present Expert Testimony .

Defendants Kenneth L. Funderburk and Thomas F. Worthy were qualified to state an opinion and assert that the legal services rendered to the Plaintiffs (hereinafter "Willifords") were reasonable.    See e.g., McDowell v. Burford, 646 So. 2d 1327, 1328 (Ala. 1994).  The affidavits submitted by Defendants in support of summary judgment  were sufficient to establish that Defendants satisfied their duty  to the Willifords. (Doc. 64 − Exh. 1;  Doc. 64 − Exh. 2).  The testimony by Defendants  set forth the reasoning of their actions and particularly, the trial strategy.  As is described by the affidavits of Mr. Funderburk and Mr. Worthy, the Willifords were consulted on numerous occasions to discuss both criminal and civil matters.  (Doc. 64 − Exh. 1 − ¶¶ 4-7; Doc. 64 − Exh. 2 − ¶¶ 4-5).  These discussions included consideration of the factual dispute between the Emertons and Willifords;  lack of credible independent witnesses to support the Willifords' version;  the existence of the contract documents;  and means to present the Defendants' case.  The discussions also included how to address the extensive media coverage including television and newspaper reports of Mr. Williford's arrest and indictment for the rape and sodomy of a fourteen (14) year old female. (Id.).  Given these facts and Mr. Williford's criminal charges, the defense strategy had to be delicately crafted.  (See generally id.).

In preparing a defense strategy, Mr. Williford's physical appearance, inability to control his temper, poor reputation within the community, and the amount of interest in the community regarding Mr. Williford's arrest and indictment for rape were taken in account. (Doc. 64 − Exh. 1 − ¶ 8). It was decided the best strategy at trial was to present a defense which relied upon the contract documents; testimony by Mrs. Williford to hopefully rebut the plaintiffs' recollection of Mr. Williford's conduct; and not to call Mr. Williford as he would not add any meaningful testimony but rather, subject himself to harsh cross-examination. (Doc. 64 − Exh. 1 − ¶¶ 8-10). Mrs. Williford was the bookkeeper for the Willifords' trailer parks and intimately familiar with the accounting system. (Id.). Mrs. Williford had not been charged with any criminal activities at the time her testimony was given. (Id.). She could testify, as she did, as to the contract between the Willifords and the Emertons, and the Emertons' late payments. Furthermore, Mrs. Williford made a more sympathetic witness than her husband. (Id.). Moreover, the best evidence as to the rights of the respective parties were the purchase agreements. (Doc. 64 − Exh. 1 − ¶ 10; Doc. 64 − Exh. 2 − ¶¶ 5-7).

The trial strategy also included meaningful consideration as to which lawyers within the firm would be suitable to try the case. (Doc. 64 − Exh. 1 − ¶ 10). Given the facts and personalities of the various parties, it was decided that Mr. Worthy would be able to effectively defend the Willifords. (Id.). In short, this

19

was a wrongful eviction case.  Mr. Worthy had sufficient training and experience to handle the Willifords' case.  (Doc. 64 − Exh. 1 − ¶ 8; Doc. 64 − Exh. 2).  Attorney Harmon was retained as local counsel and took an active role at trial.  (Doc. 64 − Exh. 1 − ¶¶ 8, 10; Doc. 64 − Exh. 2 − ¶ 6).  The <u>Emerton</u> matter was tried to a conclusion in one day and unfortunately for the Willifords, they  received an adverse verdict.

Despite the adverse verdict, the legal services rendered by Defendants were reasonable and met the standard of care as prescribed by the Alabama Legal Services Liability Act. (Doc. 64 − Exh. 1; Doc. 64 − Exh. 2).  Decisions such as retaining local counsel, having Mr. Worthy act as the primary attorney from the firm, deciding not to call Mr. Williford to testify, and  the pretrial preparation were all reasonable.  (<u>Id.</u>).  There were no acts or omissions and particularly, a breach of the duty by Defendants which caused or contributed to the verdict rendered in favor of the Emertons and against the Willifords.  (<u>Id.</u>).  The verdict was rather due to the Willifords' own conduct which the jury found to be improper. This is supported by the amount of punitive damages assessed against **the Willifords to punish them** for their behavior and the trial court's Hammond Order that upheld the punitive damage award.  (Doc. 64 − Exh. 6).  As referenced in Judge Young's Hammond Order, the trial court found the evidence demonstrated the Willifords "converted the Plaintiffs' property out of sheer spite and malice." (<u>See</u> <u>id.</u> at ¶ 3).

Based upon Mr. Funderburk's and Mr. Worthy's affidavits and the State of Alabama's long-standing rule of law, the burden of proof shifted to the Willifords to produce sufficient expert testimony to rebut this properly supported motion for summary judgment.

### C.    The Plaintiffs Were Required to Provide Expert Testimony in Order to Maintain their Claim Under the ALSLA.

As the bankruptcy court properly concluded and the Willifords concede, Alabama law clearly states that absent expert testimony, the Willifords are unable to maintain their legal malpractice action against Defendants. See ALA. CODE § 6-5-580; see also  Green v. Ingram, 794 So. 2d 1070 (Ala. 2001); Tonsmeire v. AmSouth Bank, 659 So. 2d 601 (Ala. 1995); McDowell v. Burford, 646 So. 2d 1327 (Ala. 1994);  Tidwell v. Waldrop, 554 So. 2d 1009 (Ala. 1989); Phillips v. Alonzo, 435 So. 2d 1266 (Ala. 1983).  In Phillips v. Alonzo, 435 So. 2d 1266, 1267 (Ala. 1983), cert denied 464 U.S. 984, 104 S.Ct. 430 (1983), the Supreme Court of Alabama affirmed the requirement that plaintiffs must produce expert testimony in order to demonstrate negligence on the part of an attorney.

In Phillips v. Alonzo, a plaintiff filed a legal malpractice action against both the trial and appellate attorneys due to his conviction on the charge of robbery in the first degree. Both attorneys filed a motion for summary judgment supported by their own affidavits stating that professional services rendered were "in conformity

with the general accepted standards, customs, and practice of attorneys, as they existed under the same or similar circumstances." Id. at 1267. The defendant-attorneys demonstrated that they did not breach the standard of care and that the legal services rendered were reasonable. The Supreme Court of Alabama stated that "[t]he affidavits of Quinlivan and Alonzo related to the science of their profession, and therefore were proper subjects of expert testimony." Id. (referencing, Liner v. Temple, 373 So. 2d 638 (Ala. 1979)). In response, plaintiff submitted an affidavit that "did nothing more than restate the allegations of his complaint." Id. No expert testimony was provided to rebut defendants' motion for summary judgment. In granting the attorneys' motion for summary judgment, the Court explained as follows:

> For Phillips [plaintiff] to succeed in the motions for summary judgment filed by the attorneys, **he must have come forward with expert testimony to show negligence on the part of the attorneys**. This he did not do, and there is no genuine issue of material fact for trial. Therefore, summary judgment was appropriate under Rule 56(e), A.R.Civ.P.

Phillips v. Alonzo, supra at 1267.

In Green v. Ingram, 794 So. 2d 1070 (Ala. 2001), the plaintiff brought an action against his former attorney and firm under the ALSLA alleging that the attorney negligently advised the plaintiff to settle a worker's compensation claim. The plaintiff claimed that a mistake of law was made by his former counsel, and

that the plaintiff was entitled to greater monetary compensation based on his on-the-job-injury. The defendant attorney filed a motion for summary judgment supported by the attorney's affidavit demonstrating that he did not breach the standard of care. The trial court granted summary judgment and the plaintiff appealed. While affirming the trial court's grant of summary judgment, the Supreme Court of Alabama re-emphasized that " '[e]xpert testimony is required in order to establish deviation from a standard of care in connection with [an] alleged breach [of an attorney's standard of care].' " Green, 794 So. 2d at 1071.

Similarly, in Tonsmeire v. AmSouth Bank, 659 So. 2d 601 (Ala. 1995), the plaintiff brought an action against his former attorney for alleged negligence, breach of contract, and other wrongdoing arising from violations of the ALSLA. The plaintiff, however, failed to provide the required expert testimony in order to establish a deviation from the applicable legal standard of care. The Supreme Court of Alabama adopted, in its entirety, the trial court's order and judgment granting the attorney's motion due to the plaintiff's failure to present expert testimony establishing the attorney's breach of the applicable standard of care. See id. at 605.

In a fourth case, McDowell v. Burford, 646 So. 2d 1327 (Ala. 1994), the Court affirmed summary judgment in favor of defendants where the plaintiff failed to rebut a motion for summary judgment supported by the defendants' own

23

testimony.  The plaintiffs' opposition lacked the required expert testimony. <u>See</u> <u>id.</u> at 1328.  The <u>McDowell</u> Court explained the plaintiffs' deficiency as follows:

> When a defendant in a legal malpractice action has moved for a summary judgment and has properly supported the motion with evidence that makes a prima facie showing that the defendant did not act negligently, then, in order to defeat the summary judgment motion, the plaintiff must rebut the defendant's prima facie showing with expert testimony indicating that the defendant lawyer did act negligently.  <u>Phillips v. Alonzo</u>, 435 So. 2d 1266 (Ala. 1983), <u>cert. denied</u>, 464 U.S. 984, 104 S.Ct. 430, 78 L.Ed.2d 363 (1983).

<u>McDowell</u>, 646 So. 2d at 1328.

Finally, the Supreme Court of Alabama appropriately affirmed summary judgment in favor of defendants in <u>Tidwell v. Waldrop</u>, 554 So. 2d 1009 (Ala. 1989), when the plaintiff's failed to provide expert testimony in response to a properly supported motion for summary judgment. The <u>Tidwell</u>, Court stated that "the plaintiffs did not counter this [defendants'] affidavit with that of an expert as required." <u>Id.</u> at 1010.  The Willifords were clearly required to provide expert testimony in order to avoid summary judgment.  Failing to do so resulted in the bankruptcy court granting summary judgment.

II.   THE BANKRUPTCY COURT PROPERLY STRUCK THE AFFIDAVITS OF COUNSEL FOR PLAINTIFFS AND AFFIDAVITS OF PARTY PLAINTIFFS FILED IN OPPOSITION TO DEFENDANTS' SUMMARY JUDGMENT.

The bankruptcy court properly struck the affidavits submitted by the Willifords and their counsel of record. (Doc. 75 – pp. 6-10).  Without these

affidavits, the Willifords are unable to create a genuine issue of material fact.  <u>See</u> <u>Phillips v. Alonzo</u>, <u>supra</u>, at 1267.  The Willifords incorrectly argue that the bankruptcy court should have allowed the affidavits submitted by themselves and their counsel of record.

### A.    <u>The Party Plaintiffs' Own Affidavits Are Inadequate to Defeat Summary Judgment.</u>

The affidavits submitted by the Willifords are insufficient to support summary judgment. In <u>Phillips v. Alonzo</u>, 435 So. 2d 1266 (Ala. 1983), the Supreme Court of Alabama specifically addressed the situation where a party plaintiff submits an affidavit in opposition to a properly supported motion for summary judgment in the context of a legal malpractice action.

In <u>Phillips</u>, the plaintiff filed an affidavit in support of his own motion for summary judgment. Plaintiff's affidavit "did nothing more than restate the allegations of his complaint. No expert testimony and no other competent evidence of any kind was offered by Phillips tending to show a breach of professional duty by Quinlivan or Alonzo." <u>Id.</u>  The Alabama Supreme Court explained that "[f]or Phillips to succeed in the motions for summary judgment filed by the attorneys, he must have come forward with expert testimony to show negligence on the part of the attorneys." <u>Id.</u>  Moreover, the Alabama Supreme Court explained that because

of this failure "**there is no genuine issue of material fact for trial.**" <u>Id.</u> (Bolded for emphasis). Summary judgment was proper.

In the instant appeal, the Willifords incorrectly argue that their own affidavits are sufficient to create a genuine issue of material fact and rebut the affidavits of Mr. Funderburk and Mr. Worthy. This is untrue. Like the <u>Phillips,</u> <u>supra</u>, plaintiff,  the Willifords' affidavits do not  and cannot create sufficient evidence to defeat summary judgment in the context of a legal  malpractice action. <u>See</u> <u>Id.</u> at 1267.   Only sufficient expert testimony submitted on behalf of the Willifords can create a genuine issue as to the conduct of the Defendants. <u>See</u> <u>id.</u> Defendants argued the same in its motion to strike presented to the bankruptcy court. (Doc. 71 − p. 2 − ¶ 3). The bankruptcy court, after applying Alabama law, properly struck the Willifords' own affidavits.  (Doc. 75 − p. 6; Doc. 76).

### B.    <u>Plaintiffs' Counsel's Affidavit Was Procedurally and Substantively Defective.</u>

The bankruptcy court also properly struck the affidavit of the Willifords' counsel. (Doc. 75 − pp. 6-10). In further support of the arguments set forth in Defendants' motion to strike, Defendants set forth five specific reasons during oral argument of the motion for summary judgment why the Willifords' counsel's affidavit should be stricken from the record. (Doc. 92 − pp. 3-5). Defendants argued that (1) the affidavit was untimely, (2) it was questionable as to whether the

affidavit violates the rules of professional conduct,[6] (3) the affidavit lacked the element of causation, (4) the testimony offered was hearsay, and (5) the Williford's were asking the bankruptcy court to rely on evidence that would not be admissible at trial. (<u>See</u> <u>id.</u>). As explained by the bankruptcy court, Willifords' counsel's affidavit was both procedurally and substantively defective.[7] <u>Id.</u>

### 1.    Procedural Deficiencies.

That on April 22, 2005, the bankruptcy court entered a pretrial order  that governed the adversary proceeding. (Doc. 48).  The bankruptcy court's pretrial order clearly stated that the Willifords' must identify experts "no later than May 15, 2005" and Defendants must identify experts "no later than June 15, 2005." (Doc. 48).

On April 30, 2005,  the Willifords sought to extend the period for which experts could be identified. (Doc. 50). Defendants filed their opposition to the

---

[6] The bankruptcy court did not strike the affidavit of Plaintiffs' counsel on this ground.

[7]    Defendants have filed a Motion to Strike contemporaneously with this responsive brief as it concerns the informal opinions issued by the Alabama State Bar. These opinions are not a part of the record on appeal and, therefore, are inappropriate for appellate review.  <u>Schwartz v. Million Air, Inc</u>., 341 F.3d 1220, 1225 (11th Cir. 2003)(appellate courts rarely supplement the record to include material that was not before the lower court, but name the equitable power to do so if it is in the interests of justice).  Moreover, the bankruptcy court never struck Plaintiffs' counsel's affidavit on the basis that it was violative of any code of professional conduct. (Doc. 75 – p. 8 – FN. 2).

Willifords' motion to extend on May 4, 2005. (Doc. 55). Prior to the Court ruling on the Willifords' motion, they filed their notice of expert witnesses. (Doc. 56). The Willifords disclosed the following experts as being qualified to testify in the pending action: Kenneth L. Funderburk, Thomas F. Worthy, Susan K. Harmon and Charles R. Reynolds. (Doc. 56). No other experts were named. Specifically, Mr. Murray has never been named nor identified as an expert in the adversary proceeding. (Doc. 56).

On May 16, 2005, the bankruptcy court issued an Order on Motion for Extension of Time that unambiguously stated that "the Plaintiffs' MOTION FOR EXTENSION OF TIME IN WHICH TO NAME EXPERT(S) is DENIED AS MOOT." (Doc. 57). On May 31, 2005, the bankruptcy court again reiterated in its Order Denying Motion for Extension of Time in Which to Name Experts that the Willifords' motion to extend "time in which to name experts (Doc. 52), it is ORDERED that the motion is DENIED as moot." (Doc. 59).

The bankruptcy court was correct in striking the affidavit of Willifords' counsel of record. See Williams v. Baldwin County Commission, 203 F.R.D. 512, 517 (S.D. Ala. 2001) (once a pretrial order deadline has passed it is incumbent as the party seeking permission to seek leave of court to amend order and even then the party must demonstrate good cause). It has been explained by the Eleventh Circuit Court of Appeals that "if amendment of the pretrial order would result in

28

substantial injustice to the opposing party or inconvenience to the court, the order should be amended only to avoid manifest injustice." <u>Jacobs v. Agency Rent-A-Car, Inc.</u>, 145 F.3d 1430, 1432 (11th Cir. 1998) (referencing, <u>United States v. Varner</u>, 13 F.3d 1503, 1507-08 (11th Cir. 1994)).  In the instant appeal, Plaintiffs never sought to amend the pretrial order.  Second, any attempt at amending the pretrial order after the deadline to disclose expert witness would cause substantial injustice to the Defendants.  Lastly, Plaintiffs admit that they were unable to find an expert witness.  (Doc. 3 – Appellant's Brief – p. 25 – Note 11).

The Willifords  had every opportunity to disclose to the Defendants that its attorney of record planned on providing expert testimony on their behalf to allow for Defendants to depose Plaintiffs' counsel in order to determine the substance of his testimony.  Similar to the <u>Walker v. Anderson Electrical Connectors</u>, 944 F.2d 841 (11th Cir. 1991), the Willifords chose this strategy to their detriment. <u>Id</u>. (the court would not allow modification of pretrial order post trial, after party chose a specific trial strategy that proved futile to their cause of action).

In striking counsel of record's affidavit on a procedural basis, the bankruptcy court properly explained "the [c]ourt would view any attempt to add Murray [Plaintiffs' counsel] to the list of identified experts as untimely. For these reasons alone Murray's affidavit should be stricken from the record." (Doc. 75 –

pp. 7-8). As discussed below, the bankruptcy court, went on to discuss the substantive deficiencies for which the affidavit should be struck.

## 2.    Substantive Deficiencies.[8]

As set forth above, the Williford's are required to demonstrate by expert testimony that  but for the defendant attorneys' act or omission, the plaintiff would have recovered in the underlying cause of action." Morrison v. Franklin, 655 So. 2d 964, 966 (Ala. 1995). The expert testimony must be based on the personal knowledge of the expert and not opinions. See Crawford v. Hall, 531 So. 2d 874, 875 (Ala. 1988).

The bankruptcy court explained, consistent with Alabama law, that "the Willifords have not in anyway shown that 'but for' the"  alleged acts or omissions set forth by the Plaintiffs the "result in the Emerton suit would have been different."  (Doc. 75 – p. 10). The bankruptcy court went on to explain that "the Willifords have failed to present any evidence on the issue of proximate cause and for that reason; they have not met their burden of demonstrating that there is indeed a genuine issue of material fact." (See id.).

Defendants also set forth in its motion to strike that "Mr. Murray's affidavit fails to state that 'the outcome of the case would have been different,' Hall v.

---

[8] Defendants never intended to criticize Plaintiffs' counsel's experience and apologizes for any inference.

Thomas, 456 So. 2d 67, 68 (Ala. 1984)(referencing Mylar v. Wilkinson, 435 So.

2d 1237 (Ala. 1983)) absent the Defendants' alleged negligence." (Doc. 71 − p. 4).

Plaintiffs' attempt at distinguishing Hall is without merit. The Mylar, supra,

decision explains in detail as follows:

> "A lawyer owes certain duties of care in the relationship with
> his or her client;  and, in the performance of legal services for the
> client, a lawyer is required to exercise an ordinary and reasonable
> level of skill, knowledge, care, attention, and prudence common to
> members of the legal profession in the community.  Newman v.
> Silver, 553 F. Supp. 485 (D.C.N.Y.1982).  Mylar has alleged a cause
> of action for malpractice against Wilkinson, claiming that his services
> did not comply with this standard of care.
>
> A claim for malpractice, however, also requires a showing that
> the client's injury was caused by the lawyer's malpractice.  Tasby v.
> Peek, 396 F. Supp. 952 (D.C. Ark.1975).  This requires a showing that
> the result would have been different in the underlying action had his
> lawyer not been guilty of malpractice.  Tasby, supra.  Mylar has not
> established through his pleadings that he could have received a better
> result had Wilkinson acted differently;  therefore, he cannot recover
> on his malpractice claim.
>
> Plaintiff's statement of the claim is devoid of any averment that,
> apart from the lawyer's negligence, he would have obtained a more
> favorable result in his criminal prosecution."

Mylar v. Wilkinson, 435 So. 2d 1237, 1239 (Ala. ).

Likewise, the Willifords were required to demonstrate that absent any

alleged act or omission "the outcome would have been different." Hall, supra, at

468. As pointed out by the bankruptcy court, they failed to provide this vital

element. (Doc.  75 − pp. 8-10).   It has been further explained by the Supreme

Court of Alabama that the evidence offered in response to a summary judgment must be more than a mere verification of the allegations contained in the pleadings. See Whatley v. Cardinal Pest Control, 388 So. 2d 259, 532 (Ala. 1980). Moreover, an expert witness's testimony cannot be founded on mere speculation and conjecture. See Townsend v. General Motors Corp., 642 So. 2d 411, 423 (Ala. 1994). There was no basis for the assertions made by the Willifords' counsel of record.

The Willifords' counsel of record's affidavit merely regurgitate the allegations in the pleadings. The bankruptcy court explained it best by stating "[h]owever, even drawing all justifiable inferences in favor of the nonmovant, there is a complete failure on the part of the Willifords to produce any such evidence. Phrased in the form of questions, the Willifords in their opposition brief specify no less than seven acts or omissions that they consider to constitute genuine issues of material fact which would preclude entry of summary judgment. Murray in his affidavit regurgitates these same facts." (Doc. 75 − p. 9). The affidavit was founded on mere speculation and conjecture.

On appeal, the Willifords state that they were confused and somewhat mystified by Defendants' reliance on Whatley v. Cardinal Pest Control, 388 So. 2d 529, 532 (Ala. 1980), in their motion to strike. For clarity, Defendants cite the relevant portion of the Whatley, supra, opinion as follows:

32

> "Evidence offered in response to the motion [for summary judgment], in the form of affidavits or otherwise, must be more than a mere verification of the allegations contained in the pleadings, <u>Morris v. Morris</u>, 366 So. 2d 676, 678 (Ala. 1978); and must present facts which would be admissible into evidence. <u>Morris v. Morris</u>, <u>supra</u>; <u>Oliver v. Brock</u>, 342 So. 2d 1, 4-5 (Ala. 1976); <u>Hunter v. Austin Co.</u>, 336 So. 2d 203, 206 (Ala. Civ. App. 1976 ); Wright & Miller, Federal Practice and Procedure: Civil 2738. In the event the opposing party fails to offer any evidence to contradict that presented by the moving party, the court is left with no alternative but to consider that evidence uncontroverted. <u>See</u> <u>Mims v. Louisville Title Insurance Co.</u>, 358 So. 2d 1028, 1029 (Ala. 1978); <u>see</u> <u>also</u> <u>Donald v. City National Bank</u>, supra."

<u>Whatley v. Cardinal Pest Control</u>, 388 So. 2d 529, 531-532 (Ala. 1980).

Consistent with <u>Whatley</u>, <u>supra</u>, the Willifords in the bankruptcy court failed to present evidence to contradict Defendants properly supported motion for summary judgment. Therefore, the bankruptcy court was correct in viewing the evidence offered by Defendants' as "uncontorverted." <u>Id</u>. at 532. Stated otherwise, all of the affidavits submitted by the Willifords were procedurally and substantively defective, and properly stricken. The Willifords offered no expert testimony in opposition to summary judgment, and, therefore, summary judgment was proper.

III.    THE BANKRUPTCY COURT PROPERLY GRANTED SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS.

As previously stated, Alabama's longstanding rule in legal malpractice actions required the Willifords to demonstrate through expert testimony that

Defendants breached the standard of care.  See  Green v. Ingram, 794 So. 2d 1070, 1072 (Ala. 2001); Tonsmeire v. AmSouth Bank, 659 So. 2d 601, 605 (Ala. 1995); McDowell v. Burford, 646 So. 2d 1327, 1328 (Ala. 1994); Peoples v. Nassaney, 638 So. 2d 879, 880 (Ala. 1994); Bodana v. Brinkley, 614 So. 2d 981 (Ala. 1992); Bodana v. Howie, 638 So. 2d 749 (Ala. 1992); Rice v. Hartman, Fawal & Spina, 582 So. 2d 464, 465 (Ala. 1991); Tidwell v. Waldrop, 554 So. 2d 1009, 1010 (Ala. 1989); Phillips v. Alonzo, 435 So. 2d 1266 (Ala. 1983); cert denied 464 U.S. 984, 104 S.Ct. 430 (1983). Defendants provided expert testimony in support of their summary judgment and the Willifords failed to rebut this testimony. The testimony by Defendants sets forth the reasoning of their actions and particularly, the trial strategy.  (Doc. 64 − Exh. 1; Doc. 64 − Exh. 2).  The Willifords' failure to rebut this testimony required the bankruptcy court to grant summary judgment in favor of the Defendants.

## CONCLUSION

In following the well-settled law of Alabama, the bankruptcy court correctly granted summary judgment. See Tonsmeire v. AmSouth Bank, 659 So. 2d 601 (Ala. 1995); McDowell v. Burford, 646 So. 2d 1327, 1328 (Ala. 1994). Tidwell v. Waldrop, 554 So. 2d 1009, 1010 (Ala. 1989); Phillips v. Alonzo, 435 So. 2d 1266, 1267 (Ala. 1983).    Absent expert testimony by the Willifords, the adversary proceeding could not go forward.  McDowell v. Burford, 646 So. 2d 1327, 1328 (1994). The testimony by Mr. Funderburk and Mr. Worthy affirmatively demonstrated that they satisfied their duty to the Willifords under the ALSLA. The affidavit testimony of Mr. Funderburk and Mr. Worthy is sufficient evidence for the bankruptcy court to enter summary judgment and this Honorable Court to affirm.  Tidwell v. Waldrop, supra; Phillips v. Alonzo, supra at 1267.   The Affidavits submitted by the Willifords and their counsel to record was properly stricken from the record.  Summary judgment was proper and should be affirmed.


       /s/ Aldos L. Vance
ROBERT P. MACKENZIE, III
ASB-8232-A50-R
ALDOS L. VANCE
ASB-3957-S77-V
Attorneys for Appellees

35

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)(7)(B)</u>

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this entire brief contains 9,707 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typed face using Microsoft Word with a 14 point Times New Roman font.

s/ Aldos L. Vance
ROBERT P. MACKENZIE, III
ASB-8232-A50-R
ALDOS L. VANCE
ASB-3957-S77-V
Attorneys for Appellees

OF COUNSEL:
Starnes & Atchison LLP
100 Brookwood Place, Seventh Floor
P.O. Box 598512
Birmingham, Alabama  35259-8512
(205) 868-6000

36

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 24, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: <u>William R. Murray, Murray Lane, Northport, Alabama 35475-4235.</u>

_____s/ Aldos L. Vance_____

ROBERT P. MACKENZIE, III

ASB-8232-A50-R

ALDOS L. VANCE

ASB-3957-S77-V

Attorneys for Appellees

STARNES & ATCHISON, LLP

100 Brookwood Place, Seventh Floor

P.O. Box 598512

Birmingham, Alabama 35259-8512

Telephone: (205) 868-6000

Facsimile: (205) 868-6099

E-mail: rpm@starneslaw.com

E-mail:avance@starneslaw.com
